IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LLOYD MITCHELL, | : | CIVIL ACTION NO. **1:CV-11-2217** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOEL R. HOGENTOGLER, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Background.

On June 29, 2011, Plaintiff Victor Lloyd Mitchell, an inmate at the Dauphin County Prison ("DCP"), Harrisburg, Pennsylvania, filed the instant civil rights action, pursuant to 42 U.S.C. § 1983. (Doc. 1).  Plaintiff also filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2).[1]

Plaintiff's claims were set forth on a form civil rights complaint routinely provided to inmates. Plaintiff also attached three (3) handwritten pages to his form Complaint.  In his Complaint, Plaintiff names the following two (2) Defendants: Joel R. Hogentogler, Esq., Deputy/Assistant District Attorney ("ADA") with the Dauphin County District Attorney's Office; and William B. Jackson, Detective with the Dauphin County District Attorney's Office.  (Doc. 1, p. 2).

---

[1]On June 29, 2011, Plaintiff Victor Lloyd Mitchell filed a previous civil rights action, pursuant to 42 U.S.C. § 1983. Plaintiff's 11-1240 case was dismissed on August 9, 2011. *See Mitchell v. Dauphin County Commissioners*, Civil No. 11-1240, M.D. Pa.

On October 27, 2011, Plaintiff Mitchell filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's Complaint in this action has been served on Defendants, and a response to the Complaint is due by January 2, 2012. *See Mitchell v. Grynkewicz, et al.*, Civil No. 11-1998, M.D. Pa.

Plaintiff indicates that while  DCP has a grievance procedure available, it is not applicable to his claims raised in his instant Complaint since they do not relate to prison conditions.   (*Id.*, p. 1).

In his 6-paragraph Statement of Claim contained in his Complaint, Plaintiff alleges that Defendants executed an illegal search and illegally seized his treatment and counseling records, level work, letters and essays, as well as mental health medical records, which were in the possession of the DCP Treatment Department.  Plaintiff avers that Defendants' conduct violated the following Pennsylvania statutes:

50 P.S. § 7111, Mental Health Procedures Act;

71 P.S. § 1690.101, Pennsylvania Drug and Alcohol Abuse Control Act;

42 Pa. C.S.A. § 5944, Privilege: Psychiatrist - Psychologist; and

42 Pa.C.S.A. § 5945, Privilege (guidance counselor).

(*Id.*, p. 2, ¶ 2).

Plaintiff also alleges that Defendants' conduct violated his Fourth, Fifth and Fourteenth Amendment rights.  (*Id.*, ¶ 3).[2]

Further, Plaintiff avers that as a result of their illegal search and seizure of his stated records and documents, Defendants came "into illegal possession of verbal and recorded statements with a reckless disregard to [his] constitutional rights in that otherwise confidential and undiscoverable

---

[2]Since both Defendants are state actors, Plaintiff fails to state a claim under the Fifth Amendment.  *See Leventry v. Watts,* 2007 WL 1469038, *2 (W.D. Pa. 5-17-07).  As such, we will recommend that Plaintiff's claims under the Fifth Amendment be dismissed with prejudice. *Id.*

documents and communications have been divulged or intercepted ... ." (*Id.*, p. 3, ¶ 4).  Plaintiff also alleges that other illegally seized items include "three (3) recorded phone calls which are indirectly proximate to said search warrant, but directly proximate to said acts." (*Id.*).  Finally, Plaintiff states that he is suing both Defendants in their individual capacities due, in part, to the "constitutional disruptions/violations to [his] Pennsylvania [Dauphin County Court criminal] case CP-22-CR-617-2011." (*Id.*, ¶ 6).

> Plaintiff requests, in part, the following declaratory relief:
>
> (1)     Any and all reports, documents, investigations, files, complaints, letters or other writings in the custody of the Dauphin County District Attorney's Office, the Harrisburg Bureau of Police Organized Crime and Vice Control Unit, and the Pennsylvania Office of Attorney General (OAG) (IFS) relating to Detective William B. Jackson, for the periods from the dates of his appointment as an officer/agent to the present.  Said writings should include all Internal Affairs Department (IAD) reports, Det. William's personnel file (to the extent it has records of complaints concerning alleged misconduct or psychological or psychiatric evaluations), and all complaints relating to his conduct as an officer/agent.
>
> (2)     All files and records, as stated above, consistent with the position of Joel R. Hogentogler, Esq., constituting as a District Attorney with the Dauphin County Court.

(*Id.*, pp. 4-5).[3]

---

[3]Plaintiff's request for declaratory relief is basically a discovery request for the personnel records of Defendants and copies of any complaints filed against them for misconduct.  As such, we find Plaintiff's request for declaratory relief inappropriate in this §1983 civil rights action, and we will recommend that it be dismissed.

Plaintiff also requests compensatory and punitive damages against both Defendants.  (*Id.*, p. 4).  Plaintiff correctly does not sue Defendants for damages in their official capacities.[4]

We construe Plaintiff as raising Fourth, Fifth and Fourteenth Amendment claims against Defendants for illegally searching and seizing his stated treatment and counseling records and documents in the possession of the DCP Treatment Department.  Plaintiff further appears to claim that Defendants violated his privacy rights under the Fourteenth Amendment and Pennsylvania law. Plaintiff also claims that Defendants illegally recorded three of his telephone calls.  Plaintiff alleges that Defendants then used the stated documents and records in his pending Dauphin County Court of Common Pleas criminal case, CP-22-CR-617-2011.  As noted, to the extent  Plaintiff states that he is also raising claims against Defendants under the Fifth Amendment, we will recommend that these claims be dismissed with prejudice since Defendants are state actors.  *See Leventry v. Watts,* 2007 WL 1469038, *2 (W.D. Pa. 5-17-07).

We now screen Plaintiff's pleading as we are obliged to do under the PLRA.  *See Abdul-Akbar v. McKelvie,* 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d

---

[4]Plaintiff cannot seek compensatory damages from the state actor Defendants in their official capacities.  To the extent that Plaintiff seeks monetary damages from Defendants, both compensatory and punitive damages, he can only sue the state actor Defendants in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).

579, 589 (W.D. Pa. 2008).[5]

## II.  PLRA.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to

28 U.S.C. § 1915.  (Doc. 2).  The Prison Litigation Reform Act of 1995,[6] (the "PLRA"), obligates the

Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915.[7]  Specifically, Section 1915(e)(2), which was created by

§ 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

## III.  Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:

(1) that the conduct complained of was committed by a person acting under color of state law; and

(2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured

by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v.*

---

[5]This case has been assigned to the undersigned Magistrate Judge for pre-trial matters.
*See* 28 U.S.C. § 636(b).

[6]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[7]The Plaintiff filed an application to proceed *in forma pauperis* with and an authorization
to have funds deducted from his prison accounts. (Docs.  2, 3 and 6).

*Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[8]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a

---

[8]Plaintiff alleges in his  pleading that both Defendants are employees of Dauphin County. This is sufficient to show that Defendants are state agents.  *See McCarthy v. County of Bucks*, 2008 WL 5187889, * 1, n. 4 (E.D. Pa.).

viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation

of a Plaintiff's constitutional rights."), citing *Rode, supra.*

The Court uses the same standard to screen a complaint under the PLRA as it does for a

12(b)(6) motion to dismiss.  *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.);  *Matthews*

*v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

## IV.  Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court

stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United States
> Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433
> (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o
> survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true to 'state a claim that relief is plausible on its
> face.' " *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The
> Court emphasized that "only a complaint that states a plausible claim
> for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it
> continued, "[d]etermining whether a complaint states a plausible claim
> for relief will ... be a context-specific task that requires the reviewing
> court to draw on its judicial experience and common sense." *Id.*
> (citation omitted).  *McTernan v. City of York,* 577 F.3d 521, 530 (3d
> Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal*
> in detail and provided a road map for district courts presented with a
> motion to dismiss for failure to state a claim in a case filed just a week
> before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and
> legal elements of a claim should be separated. The District Court must
> accept all of the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a
> District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a "plausible claim
> for relief." *Id.* at 1950. In other words, a complaint must do more than

allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler*, 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly*, 550 U.S. at 555) (not precedential).

**V. Discussion.**

*1. Claims under Fifth Amendment*

As noted, to the extent that Plaintiff is raising claims under Fifth Amendment against the state actor Defendants, we will recommend that these claims against Defendants be dismissed with prejudice. *See Leventry v. Watts*, 2007 WL 1469038, *2 (W.D. Pa. 5-17-07).   In *Leventry*, the Court stated that "the Fifth Amendment restricts the actions of federal officials, not state actors." Id.(citations omitted).   As in *Leventry*, our Defendants are both state actors.   Thus, Plaintiff's claims against Defendants under the Fifth Amendment must be dismissed.  *Id.*; *Goins v. Beard*, 2011 WL 4345874, *8 (W.D. Pa. 9-15-11).

Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint against Defendants regarding his claims under Fifth Amendment, since we find it would be futile.  *See Leventry*, *supra*.; *Goins*, *supra*.  The Third Circuit has held that a Plaintiff who filed an *in forma pauperis*

8

request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).  Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility.  *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

*2. Claims under Fourth and Fourteenth Amendments*

Plaintiff basically alleges violations of his right to be free from illegal searches and seizures under the Fourth and Fourteenth Amendments.  Plaintiff also seems to allege that Defendants illegally seized his counseling and mental health treatment records possessed by the DCP Treatment Department in violation of a Fourteenth Amendment right to privacy as well as his right to privacy afforded by the Pennsylvania Mental Health Procedures Act and afforded by the Pennsylvania psychologist-patient privilege.  Plaintiff avers that Defendants  illegally  searched and seized  his above stated records and documents possessed by the DCP Treatment Department, and that they used these documents in his ongoing criminal case pending in Dauphin County.  In *Gale v. Stori*, 608 F.Supp. 2d 629, 633 (E.D. Pa. 2009), the Court stated that a "Fourth Amendment 'seizure' of personal property occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" (citations omitted).[9]

---

[9]Plaintiff seems to allege that he had a possessory interest in his documents possessed by the DCP Treatment Department regarding his treatment and counseling records, level work, and letters and essays, and that he had a legitimate expectation of privacy in such documents.

In *U.S. v. Nole*, 2006 WL 2085989, *2 E.D. Pa. (7-25-06), the Court held:

> The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The ability to exercise one's Fourth Amendment right, however, is limited. It is considered a "personal right that must be invoked by an individual.... [T]he extent to which [it] protects people may depend upon where those people are." *Minnesota v. Carter,* 525 U.S. 83, 88 (1998) (internal citation omitted); *see also Katz v. United States,* 389 U.S. 347, 351 (1967) ("The Fourth Amendment protects people, not places."). The Supreme Court has limited the "capacity to claim the protection of the Fourth Amendment" to those who have a "legitimate expectation of privacy in the invaded place." *Rakas v. Illinois,* 439 U.S. 128, 143 (1978). Moreover, the expectation of privacy must be a "reasonable one." *Florida v. Riley,* 488 U.S. 445, 455 (1989) (O'Connor, J., concurring).

*See also Gale v. Stori,* 608 F.Supp. 2d at 635.

To state an illegal search claim against Defendants, Plaintiff must allege that the actions of Defendants constituted a "search and seizure" under the Fourth Amendment and that the search and seizure was "unreasonable." *See Manolovich v. Park*, 2010 WL 4366265, *7 (W.D. Pa. 10-28-10).

In *Manolovich*, 2010 WL 4366265, *7, the Court stated:

> The Court of Appeals for the Third Circuit has stated the following:

> > The fundamental task of any Fourth Amendment analysis is assessing the reasonableness of the government search. If the search is reasonable, there is no constitutional problem, for the Fourth Amendment only protects individuals from unreasonable searches and seizures. Determining whether a search is reasonable depends on all the circumstances surrounding the search or seizure and the nature of the search or seizure itself, and involves balancing on the one hand, the degree to which [the search] intrudes upon an individual's privacy and, on the other hand, the degree to which [the search] is needed for the promotion of legitimate government interests.

> *United States v. Sczubelek,* 402 F.3d 175, 182 (3d Cir.2005) (citations and quotation

10

marks omitted).

An inmate, such as our Plaintiff, does not have an expectation of privacy with respect to searches of his cell and his property while in prison. *See Hudson v. Palmer*, 468 U.S. 517, 526, 104 S.Ct. 3194 (1984)(Court held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell"); *Ball v Oden*, 2010 WL 1903588, *5 (M.D. Pa. 5-10-10)("[Plaintiff inmate's] claim that the searches of her cell and property violated her constitutional rights fail to state a claim for relief."). Additionally, "the Fourth Amendment does not prohibit all searches but only those that are unreasonable." *U.S. v. Colbert*, 2011 WL 3360112, *7 (8-3-11). Further, "[a] Plaintiff's Fourth Amendment rights are implicated only if the conduct of the Defendant infringed upon a reasonable expectation of privacy." *Roberts v. Mentzer*, 2009 WL 1911687, * 3 (E.D. Pa. 7-2-09) (citing *O'Connor v. Ortega*, 480 U.S. 709, 715 (1987)).

In *Colbert*, 2011 WL 3360112, *7, the Court stated:

> In order to avail himself of the protections afforded by the Fourth Amendment, a defendant must demonstrate "that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable...." *Minnesota v. Carter*, 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998). Because privacy is greatly curtailed by the nature of the prison environment, a detainee's Fourth Amendment rights likewise are diminished. *Florence v. Board of Chosen Freeholders*, 621 F.3d 296, 301 (3d Cir.2010); *Hudson v. Palmer*, 468 U.S. 517, 526, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (holding that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell"); *Bell*, 441 U.S. at 537 ("[l]oss of freedom of choice and privacy are inherent incidents of confinement in such a facility.").

The question arises in our case whether Plaintiff had a reasonable expectation of privacy with respect to his Fourth and Fourteenth Amendment claims that Defendants illegally searched and seized his treatment and counseling records which were possessed by the DCP Treatment Department. Based

11

on the alleged violations of Pennsylvania laws which Plaintiff states also occurred, the records at issue appear related to drug and/or alcohol treatment of Plaintiff at DCP and to psychological treatment records of Plaintiff at DCP.  (Doc. 1, p. 2).  Also, Plaintiff admits that he did not possess the records and documents at issue.   Rather, Plaintiff states that they were possessed by the DCP Treatment Department.  (*Id*.).  Thus, the issue is whether Plaintiff inmate had a reasonable expectation of privacy with respect to searches and seizures of his prison alcohol treatment records, his counseling records, and his mental health treatment records possessed by DCP.

In *Goins v. Beard*, 2011 WL 4345874, *8 (W.D. Pa. 9-15-11), the Court stated:

> Plaintiff does not allege any facts supporting a Fourth Amendment claim against unwarranted search and seizure. There is no doubt that the protections of the Fourth Amendment with respect to seizures of a prisoner's effects or property do not apply in the prison context. Doe, 257 F.3d at 316 ("The *Hudson* court confirmed that a Fourth Amendment right to be free from unreasonable searches and seizures is inconsistent with incarceration."). *See also Hudson v. Palmer,* 468 U.S. 517, 538, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (O'Connor concurring) ("The fact of arrest and incarceration abates all legitimate Fourth Amendment privacy and possessory interests in personal effects."). Plaintiff's Fourth Amendment claim therefore is dismissed.

The Court in *Goins v. Beard*, 2011 WL 4345874, *6, also stated:

> While it is correct that prisoners have a constitutional right to privacy regarding the confidentiality of medical information, this right is not unfettered. Indeed, the United States Court of Appeals for the Third Circuit has cautioned that "a prisoner does not enjoy a right of privacy in his medical information to the same extent as a free citizen." *Doe v. Delie,* 257 F.3d 309, 317 (3d Cir.2001) In short, a prisoner's constitutional right to privacy, including the preservation of the confidentiality of medical information, "is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security." *Id., citing Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Courts must respect the administrative concerns underlying a prison regulation, without requiring proof that the regulation is the least restrictive means of addressing those concerns. *Doe,* 257 F.3d at 317. Accordingly, where appropriate, an inmate does not have

a right to conceal a medical condition from corrections officials.

At this stage of the case, based only on Plaintiff's Complaint and his allegations stated therein, we find that Plaintiff has alleged he had a reasonable expectation of privacy in his treatment, counseling, and mental health medical records possessed by DCP.   Thus, we will recommend that Plaintiff's claims under the Fourth Amendment and Fourteenth Amendment be allowed to proceed with respect to his his treatment, counseling and mental health medical records.

Additionally, insofar as Plaintiff alleges that Defendants violated his Fourth Amendment and Fourteenth Amendment rights by illegally recording his three phone calls (Doc. 1, p. 3), we find that he fails to state a cognizable constitutional claim insofar as it appears the phone calls were made from DCP since "inmates have no expectation of privacy when making telephone calls from a prison telephone."  *See U.S. v. Colbert*, 2011 WL 3360112, *8 (W.D. Pa. 8-3-11)(citing *Tindall v. Beard*, 351 Fed.Appx.  591,  594  (3d  Cir.  2009)(prisoners  do  not  have  right  to  privacy  during incarceration)(additional citations omitted).  Thus, "absent a reasonable expectation of privacy, there can be no Fourth Amendment violation from the monitoring and recording of calls made from a prison telephone."  *Id.*[10]

Since Plaintiff fails to state a cognizable constitutional claim with respect to his allegation that Defendants violated his Fourth Amendment and Fourteenth Amendment rights by illegally recording his three DCP phone calls (Doc. 1, p. 3), we will recommend that this claim be dismissed with

---

[10]Also, if DCP had a policy in its inmate Handbook notifying inmates that their calls would be monitored and recorded, then Plaintiff impliedly consented to the recording of his phone conversations he made from DCP.   *See U.S. v. Colbert*, 2011 WL 3360112, *8.

prejudice.  Based on the above, we find futility of any amended pleading as against Defendants with respect to the stated claim.  *See Alston, supra; Grayson, supra*.

We now discuss Defendant ADA Hogentogler and whether he is entitled to immunity with respect to Plaintiff's claims for damages.

### 3.  Prosecutorial Immunity of Defendant ADA Hogentogler

The issue arises as to whether Plaintiff's claims for damages against Defendant ADA Hogentogler should be dismissed "because prosecutors enjoy absolute immunity for the failure to adequately investigate a case and for the decision to initiate, or decline to initiate, a prosecution.  *See Sanders v. Downs*, 420 Fed.Appx. 175, 180 (3d Cir. 2011)(citation omitted).

As the Court held in *Williams v. Marino*, Civil No. 03-0632, M.D. Pa., a District Attorney is entitled prosecutorial immunity with respect to a Plaintiff's request for monetary damages if they are based on the District Attorney's performance of his official duties in prosecuting Plaintiff.  *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa.  2007); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Radocesky v. Munley*, 247 Fed. Appx. 363, 365 (3d Cir. 2007)("The decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages."), citing *Imbler v. Pachtman*, 424 U.S. 409 (1976).[11]

---

[11]We have obtained a copy of the Criminal Docket Sheet in the case of *Com. of PA v. Victor Lloyd Mitchell*, CP -22-CR-0617-2011, Dauphin County Court of Common Pleas, at website http://ujsportal.pacourts.us.  We take judicial notice of Plaintiff's Dauphin County Court of Common Pleas Criminal Docket Sheet.  *See Sanders v. Downs*, 420 Fed.Appx. 175, 179, n. 2 (3d Cir. 2011).  The Criminal Docket Sheet in the case of *Com. of PA v. Victor Lloyd Mitchell*, CP -22-CR-0617-2011, Dauphin County Court of Common Pleas,  indicates that on December 29, 2010, Plaintiff was arrested and charged with aggravated assault, 18 Pa.C.S. §2702(a)(1), use/possession of drug paraphernalia, 35 Pa.C.S. §780-113(a)(32), and possession of instrument of crime, 18 Pa.C.S. §907(a).  Plaintiff had a preliminary hearing on February 2, 2011, and all

In *Light v. Haws*, 472 F. 3d 74, 77-78 (3d Cir. 2007), the Third Circuit stated:

> "Most public officials are entitled only to qualified immunity" from Section 1983 actions. *Yarris v. County of Delaware,* 465 F.3d 129, 135 (3d Cir.2006); *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (ordinarily, "[q]ualified immunity represents the norm") (internal quotation marks and citations omitted). Nonetheless, in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that, in light of the immunity historically accorded prosecutors at common law, state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role. *Id.* at 427, 431, 96 S.Ct. 984. This protection is "not grounded in any special esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself." *Kalina v. Fletcher,* 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997) (internal quotation marks and citations omitted). This court has since amplified that "participation in court proceedings and other conduct intimately associated with the judicial phases of litigation" are "actions performed in a quasi-judicial role." *Carter v. City of Philadelphia,* 181 F.3d 339, 356 (3d Cir.1999) (internal quotation marks and citations omitted). We have given as other examples of prosecutorial actions that warrant absolute immunity, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State[.]" *Yarris,* 465 F.3d at 135 (internal quotation marks and citations omitted); *McArdle v. Tronetti,* 961 F.2d 1083, 1085 (3d Cir.1992) (holding that prison physician and prison counselor were absolutely immune as to their testimony in court and psychiatric reports to the judge, as that was an "integral part of the judicial process").

---

three charges against him were bound over to Dauphin County Court of Common Pleas  for trial.  The criminal case against Plaintiff in Dauphin County Court of Common Pleas is currently pending, and Plaintiff has filed numerous *pro se* pre-trial motions to suppress evidence, as well as a motion for a subpoena for the production of Internal Police Department Disciplinary files. On September 30, 2011, the Dauphin County Court of Common Pleas denied Plaintiff's motion for copies of complaints and other matters in the personnel file of the police officers, seemingly including Defendant Defective Jackson.

Plaintiff also filed a motion for disclosure of the evidence recovered in the search and seizure of his property in his Dauphin County Court criminal case.

*See also Gregg v. Pettit*, 2009 WL 57118, *4 (W. D. Pa.).

We find that, at this juncture of the case, Defendant ADA Hogentogler's alleged actions regarding the search and seizure of Plaintiff 's records do not appear to be closely tied to the judicial phase of the criminal proceedings pending against Plaintiff in Dauphin County as to render him absolutely immune from Plaintiff's request for money damages.  We recognize that "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer, it is 'neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other.'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606 (1993)(quoting *Hampton v. Chicago*, 484 F.2d 602, 608 (7th Cir. 1973)); *Festa v. Jordan*, –F.Supp. 2d–, 2011 WL 3031192, *5 (M.D. Pa. 7-25-11).

As such, we find that it is not yet clear if Plaintiff's damages claims against Defendant ADA Hogentogler are precluded by absolute prosecutorial immunity.  Thus, we will recommend that Plaintiff be allowed to proceed with his damages claims against Defendant ADA Hogentogler.

Additionally, "prosecutors are not immune from suit as to requests for declaratory or injunctive relief." *Blakeney v. Marsico*, 340 Fed.Appx. 778, 779 (3d Cir. 2009)(citations omitted).  However, as noted above, Plaintiff's request for declaratory relief is basically a discovery request for the personnel records of Defendants and copies of any complaints filed against them for misconduct.  We find that Plaintiff's request for declaratory relief should be dismissed from this §1983 civil rights action.  In *Blakeney v. Marsico*, 340 Fed.Appx. at 780, the Court stated:

> To satisfy the standing and "case or controversy" requirements of Article III, a party seeking a declaratory judgment "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir.2003) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 102-

03, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). Here, Blakeney seeks a declaration merely that defendants' "acts" and "policies" violate the United States and Pennsylvania Constitutions. He does not allege that he will be subjected to that alleged conduct in the future. Moreover, even if defendants violated Blakeney's rights in the past as he alleges, he is not entitled to a declaration to that effect. *See Brown v. Fauver,* 819 F.2d 395, 399-400 (3d Cir.1987) (directing District Court to dismiss prisoner's Section 1983 claim for prospective relief where appellant "has done nothing more than allege past exposure to unconstitutional state action").

Plaintiff Mitchell has not sought declaratory relief alleging that he will be subjected to illegal searches and seizures in the future by Defendants in violation of his constitutional rights.   Thus, with respect to his stated request for declaratory relief, we find that Plaintiff lacks standing to raise his discovery request under the guise of a request for declaratory judgment.   Therefore, we will recommend that Plaintiff's request for declaratory relief (Doc. 1, pp. 4-5) be dismissed from this case with prejudice.  Based on *Blakeney v. Marsico*, *supra,* we find futility of allowing Plaintiff to amend his Complaint with respect to his  request for declaratory relief.  *See Alston v. Parker*, 363 F.3d at 235-236.

### 3.  Heck Favorable Termination Rule

Plaintiff's Fourth and Fourteenth Amendment claims against Defendants regarding his pending criminal case in Dauphin County, at this stage of the case, do not appear to be barred by the *Heck* favorable termination rule.[12]   "*Heck* does not typically bar actions for Fourth Amendment violations" like the ones Plaintiff Mitchell alleges in his present Complaint.  *See Sanders v. Downs*, 420 Fed.Appx. 175, 179 (3d Cir. 2011)(citation omitted).

As stated, Plaintiff's Dauphin County Criminal Docket Sheet indicates that the three charges filed against Plaintiff are still pending with the Dauphin County Court.  Plaintiff alleges that the illegal search and seizure of his stated records and documents by Defendants, which were possessed by DCP, caused

---

[12]*See Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

constitutional violations in his Dauphin County Court criminal case.  (Doc. 1, p. 3, ¶ 6).[13]

In *Holmes v. Holmes v. Dreyer*, 2010 WL 3791360, *3 (E.D. Pa. 9-28-10)*,* the Court stated:

> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court held that [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. *Id.* at 486-87 (footnotes omitted).
>
> Furthermore, "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (emphasis in original). Thus, unless plaintiff can demonstrate that his conviction or sentence has been invalidated, this civil rights action is barred. Here, plaintiff's claims that he was maliciously prosecuted, denied effective legal representation, wrongly convicted, and denied due process, if proven, would "necessarily demonstrate the invalidity of the confinement or its duration." *Id.* However, because there has been no showing of an invalidated conviction or sentence, this civil rights action is barred, and plaintiff's claim for damages arising from his criminal prosecution and appeal must be dismissed.  Thus, even if plaintiff had stated a cognizable violation of his civil rights by any of the defendants in this case, which he has failed to do, this complaint would still be dismissed as legally frivolous.

---

[13]As noted, the undersigned obtained a copy of Plaintiff's Criminal Docket Sheet from the Court of Common Pleas of Dauphin County, No. CP-22-CR-0617-2011.  The Docket Sheet indicates that Plaintiff has not yet had a trial in his case and that the criminal charges filed against him by the Harrisburg Police Department are pending.

*See also Taylor v. JFC Staffing Assoc.*, 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009).

In *White v. Probation Office*, 2008 WL 3837045, *5 (M.D. Pa. 8-13-08), the Court stated:

> Claims asserting unlawful search and seizure, like those asserting unlawful arrest, may be foreclosed by *Heck* when they constitute a fundamental attack on evidence essential to a criminal conviction. Thus, a plaintiff will be precluded from challenging the seizure of evidence if the plaintiff's criminal conviction would be unsustainable absent the fruit of the seizure. *See Gibson,* 411 F.3d at 452 (holding that plaintiff's challenge to a search that yielded controlled substances was impermissible under *Heck* because the "drugs were the only evidence supporting the drug charges" against the plaintiff); *James v. Superior Court of N.J. Bergen County,* No. Civ. A. 07-4683, 2007 WL 3071794, at * (sic) (D.N.J. Oct. 19, 2007) ("[C]ases in which the only evidence supporting a conviction is tainted by a possible constitutional violation are perhaps the quintessential example of when the *Heck* deferred accrual rule is triggered." (internal quotation omitted)). However, *Heck* does not foreclose suits that attack a limited quantum of the evidence supporting the plaintiff's conviction if the remaining non-challenged evidence is alone sufficient to sustain the conviction. *Gibson,* 411 F.3d at 450.

Since Plaintiff Mitchell has not been convicted regarding the charges filed against him in case No. CP-22-CR-0617-2011, it is not yet clear if Plaintiff is attacking only a limited amount of evidence which, in his present action, he claims was illegally seized and if the other non-challenged evidence against him will be sufficient to sustain a conviction.  Thus, it not clear at this point of the case, if sufficient evidence extraneous to the documents and records  Defendants seized from DCP exists to establish a criminal conviction of Plaintiff in case No. CP-22-CR-0617-2011.

Therefore, we find that it is premature to determine if all of Plaintiff's claims against both Defendants are *Heck* barred.  *See White, supra* (citing *Walker v. Wentz*, 2008 WL 450438, *4(M.D. Pa. 2-15-08)(Court held that "*Heck* does not restrict civil rights claims that have no collateral effect on the underlying criminal conviction," "such as those for unlawful search and seizure"); *Martin v. Red Lion Police Dept.*, 146 Fed.Appx. 558, 561, n. 1 (3d Cir. 2005)("claims relating to an illegal search or an

improper arrest are not barred by *Heck* when they do not undermine the validity of a conviction")(citation omitted).   Hence, it is not clear at this time if *Heck* will preclude Plaintiff 's ability to challenge, in a §1983 action, the constitutionality of the searches performed by Defendants.  We find that it is premature to determine if *Heck* bars Plaintiff's illegal search and seizure claims since it is not yet clear as to the extent the seizures by Defendants will produce  evidence necessary to support a conviction against him in case No. CP-22-CR-0617-2011.

Therefore, we will recommended that Plaintiff's Fourth and Fourteenth Amendment illegal search and seizure claims under §1983 against Defendants ADA Hogentogler and  Detective Jackson be allowed to proceed, to the extent they relate to his prison alcohol treatment records, his counseling records and his mental health treatment records,  since it is not yet apparent if they are barred by *Heck*. *See White, supra; Martin, supra*.

## VII.  Recommendation.

Based on the above, it is respectfully recommended that Plaintiff's claims under Fifth Amendment against the state actor Defendants be dismissed with prejudice.  It is also recommended that Plaintiff's request for declaratory relief, which is essentially a discovery request for the personnel files and employment records of Defendants for purposes of his pending Dauphin County Court criminal case, be dismissed with prejudice.

Moreover, it is recommended that Plaintiff's Fourth and Fourteenth Amendment illegal search and seizure claims, and privacy claims, raised against Defendant ADA Hogentogler and Defendant Detective Jackson with respect to Plaintiff's treatment, counseling, and mental health records and documents possessed by DCP be allowed to proceed.  Insofar as Plaintiff alleges that Defendants ADA

Hogentogler and Detective Jackson violated his Fourth Amendment and Fourteenth Amendment rights by illegally recording his three telephone calls, it is recommended that such claim be dismissed with prejudice to the extent the phone calls were made from DCP.

Finally, it is recommended that this case be remanded to the undersigned for further proceedings.

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  December 15, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR LLOYD MITCHELL,            :        CIVIL ACTION NO. **1:CV-11-2217**
                                 :
            Plaintiff             :        (Chief Judge Kane)
                                 :
            v.                    :        (Magistrate Judge Blewitt)
                                 :
JOEL R. HOGENTOGLER, et al.,      :
                                 :
            Defendants            :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **December 15 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


_____        **s/ Thomas M. Blewitt**
                                                                       **THOMAS M. BLEWITT**
                                                                       **United States Magistrate Judge**


**Dated: December 15, 2011**