IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR LLOYD MITCHELL, : |  |
|     Plaintiff : |  |
| : | Civil Action No. 1:11-cv-02217 |
| v. : |  |
| : | (Chief Judge Kane) |
| JOEL R. HOGENTOGLER and : |  |
| WILLIAM B. JACKSON, : |  |
|     Defendants : |  |

## MEMORANDUM ORDER

Presently pending before the Court is Magistrate Judge Blewitt's Report and Recommendation that Plaintiff Victor Lloyd Mitchell's complaint be dismissed in part pursuant to the screening requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e). (Doc. No. 7.) Both Plaintiff and Defendants have filed objections to the Report and Recommendation. (Doc. Nos. 11, 15.) For the reasons that follow, the Court will adopt the Report and Recommendation in part.

I.  BACKGROUND

The above-captioned action arises from a search and seizure of various records concerning Plaintiff, a prisoner who is currently incarcerated at the Dauphin County Prison ("DCP") in Harrisburg, Pennsylvania. Specifically, Plaintiff alleges that Defendant Joel R. Hogentogler, a Dauphin County Assistant District Attorney, and Defendant William B. Jackson, an employee of the Dauphin County District Attorney's Office, seized Plaintiff's "treatment records, counseling records, level work, letters and/or essays," which were in the possession of the DCP Treatment Department. (Id. ¶¶ 2-3.) Plaintiff further avers that, as a result of this seizure, Defendants came "into illegal possession of verbal and recorded statements[, including

1

three allegedly illegally recorded telephone calls] with a reckless disregard to Plaintiff's constitutional rights in that otherwise confidential and undiscoverable documents and communications have been divulged or intercepted." (Id. ¶ 4.)  Finally, Plaintiff states that he is suing Defendants in their individual capacities due to the "constitutional disruptions [and] violations to" Plaintiff's pending criminal case in the Dauphin County Court of Common Pleas, Pennsylvania.  (Id. ¶ 6.)

On November 30, 2011, Plaintiff filed the complaint initiating this action as well as a motion for leave to proceed in forma pauperis.  (Doc. Nos. 1, 2.)  The complaint raises claims under the Fourth, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 as well as under several Pennsylvania laws.  (Id. ¶ 2.)  Plaintiff also requests declaratory relief in the form of a court order directing the Dauphin County District Attorney's Office to produce the personnel records of Defendants as well as copies of any complaints filed against them for misconduct.  (Id. at 4-5.)  On December 15, 2011, Magistrate Judge Blewitt issued a Report and Recommendation evaluating Plaintiff's claims pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2).  (Doc. No. 7.)  Defendants filed their objections on January 3, 2012 (Doc. No. 11), and Plaintiff filed his objections on January 6, 2012 (Doc. No. 15).[1]

## II.   DISCUSSION

Neither Plaintiff nor Defendants challenge Judge Blewitt's conclusions regarding Plaintiff's Fifth Amendment claim, Plaintiff's request for declaratory relief, or whether

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Therefore, the Court will adopt these recommendations and dismiss the Fifth Amendment claim and the request for declaratory relief without further analysis.  Defendants raise three objections to Judge Blewitt's Report and Recommendation.  First, Defendants claim that Plaintiff's Fourth Amendment claim should not survive because Plaintiff does not allege facts demonstrating that he had a reasonable expectation of privacy in the seized records.  (Doc. No. 11 ¶ 12.)  Second, they claim that Plaintiff's Fourteenth Amendment claim should not proceed because Plaintiff does not allege that Defendants disclosed any of the information from the records to other individuals or that the records contained medical information.  (Id. ¶¶ 13, 15.)  Third, Defendants contend that Judge Blewitt incorrectly determined that they are not entitled to qualified immunity.  (Id. ¶¶ 14, 17.)  Finally, Plaintiff objects to Judge Blewitt's Report and Recommendation on the basis that Judge Blewitt improperly found that Plaintiff based his Fourteenth Amendment claims in part on the fact that three telephone calls he made from the DCP were illegally recorded rather than on the fact that the recordings of those calls were illegally intercepted by Defendant Hogentogler.  (Doc. No. 15 at 1, 3.)  The Court will address each objection in turn.

    **A.**    **Fourth Amendment Claim**

The United States Supreme Court has determined that a Fourth Amendment right to be free from unreasonable searches and seizures is fundamentally inconsistent with incarceration and, therefore, that right does not apply in the prison context.  Hudson v. Palmer, 468 U.S. 517, 529 (1984); see also Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001).  In his report, Judge Blewitt found that Plaintiff alleged facts to support a Fourth Amendment claim based on Defendants' seizure of his records from the DCP Treatment Department.  (Doc. No. 7 at 12-13.)  In making

this determination, Judge Blewitt appears to have found persuasive the United States District Court for the Western District of Pennsylvania's discussion of a prisoner's limited right to privacy with respect to the confidentiality of medical information in <u>Goins v. Beard</u>, No. 09-1223, 2011 WL 4345874 (W.D. Pa. Sept. 15, 2011).  (<u>Id.</u> at 12.)  In <u>Goins</u>, however, the court discussed a prisoner's right to privacy with respect to the Fourteenth Amendment, not the Fourth Amendment.  2011 WL 4345874, at *6.  Further, as Defendants point out, the court in <u>Goins</u> dismissed the plaintiff's Fourth Amendment claim on the basis that the Fourth Amendment's protections regarding "seizures of a prisoner's effects or property do not apply in the prison context."  <u>Id.</u> at 8.  Although Plaintiff now claims that he had a reasonable expectation of privacy in the seized records based on four Pennsylvania statutes, nothing in his complaint indicates how Plaintiff had any expectation of privacy, for Fourth Amendment purposes, in records that were in the possession of the DCP Treatment Department at the time of their seizure.  <u>See</u> <u>Doe</u>, 257 F.3d at 316 (recognizing that the Fourth Amendment has no applicability in the prison context).  Therefore, the Court declines to adopt Judge Blewitt's recommendation that Plaintiff's Fourth Amendment claim be allowed to proceed.

      **B.**     **Fourteenth Amendment Claim**

In <u>Doe</u>, the United States Court of Appeals for the Third Circuit held that "the constitutional right to privacy in one's medical information exists in prison," explaining that, unlike the Fourth Amendment right to be free from unreasonable searches and seizures, "a prisoner's privacy in . . . medical information is not fundamentally inconsistent with incarceration."  257 F.3d at 317.  Defendants contend that Judge Blewitt erred in recommending that Plaintiff's Fourteenth Amendment claim proceed because Plaintiff alleges neither that

Defendants disclosed information from the seized records nor that the records contained any medical information at all. (Doc. No. 12 at 8-10.) The Court agrees. Plaintiff's complaint, despite including citations to various Pennsylvania statutes, contains no allegations that the seized records contained medical information or that Defendants disclosed any such information. Therefore, the Court declines to adopt Judge Blewitt's recommendation that Plaintiff's Fourteenth Amendment claim, based on Defendants' search and seizure, be allowed to proceed. The Court, however, will grant Plaintiff leave to amend his complaint to attempt to properly state a Fourteenth Amendment claim.

Plaintiff also objects to Judge Blewitt's recommendation that Plaintiff's Fourteenth Amendment claim may not proceed based on the illegal seizure of recordings of three telephone calls that Plaintiff made from the DCP. (Doc. No. 15 at 1-2.) Plaintiff appears to contend that his Fourteenth Amendment rights were violated not by the recordings of the telephone calls, which Judge Blewitt discussed and analyzed, but, rather, because the recordings "were intercepted as a result of information provided to" Defendants. (Id.) A de novo consideration of this argument and the complaint leads the Court to overrule this objection. Therefore, the Court will adopt Judge Blewitt's recommendation that Plaintiff's Fourteenth Amendment claim be dismissed on this basis without prejudice.

### C. Qualified Immunity

Defendants' final objection is that Judge Blewitt incorrectly found that Defendants are not entitled to qualified immunity.[2] (Doc. No. 12 at 10-12.) Qualified immunity protects state

---

[2] The Court notes that Judge Blewitt analyzed whether Defendant Hogentogler is entitled to prosecutorial immunity but did not specifically address whether he or Defendant Jackson are entitled to qualified immunity. (Doc. No. 7 at 14-17.)

actors "from undue interference with their duties and from potentially disabling threats of liability." Elder v. Holloway, 510 U.S. 510, 514 (1994). The doctrine of qualified immunity, however, does not apply when state actors violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 806 (1982). Defendants contend that they are entitled to qualified immunity with respect to Plaintiffs' Fourteenth Amendment claim because: (1) Plaintiff does not allege that any of the seized records contained medical information; and (2) no case law suggests that an inmate has a possessory interest in a treatment file maintained by the prison, which does not contain medical information. (Id. at 11.) After a de novo review of the complaint and this argument, the Court finds that it is not clear that Plaintiff's remaining claim against Defendants is precluded by qualified immunity. Therefore, dismissal of Plaintiff's Fourteenth Amendment claim on this basis is premature at this juncture.

  **ACCORDINGLY**, on this 25th day of January 2011, **IT IS HEREBY ORDERED THAT** Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 7) is adopted as follows:

1.  Plaintiff's Fourth and Fifth Amendment claims against Defendants are **DISMISSED WITH PREJUDICE**;

2.  Plaintiff's request for declaratory relief is **DISMISSED WITH PREJUDICE**; and

3.  Plaintiff's Fourteenth Amendment claim is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to file an amended complaint within thirty days of the date of this order; and;

4. All further proceedings in this matter are referred to Magistrate Judge Blewitt.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
