IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LLOYD MITCHELL, | : | CIVIL ACTION NO. **1:CV-11-2217** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| JOEL R. HOGENTOGLER, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On November 30, 2011, Plaintiff Victor Lloyd Mitchell, an inmate at the Dauphin County Prison ("DCP"), Harrisburg, Pennsylvania, filed the instant civil rights action, pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Plaintiff also filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2). Plaintiff is proceeding *pro se*.

---

[1] On June 29, 2011, Plaintiff Victor Lloyd Mitchell filed a previous civil rights action, pursuant to 42 U.S.C. § 1983. Plaintiff's 11-1240 case was dismissed on August 9, 2011. *See Mitchell v. Dauphin County Commissioners*, Civil No. 11-1240, M.D. Pa. As stated above, on June 29, 2011, Plaintiff Mitchell filed his second §1983 civil rights action, the instant case, against ADA Hogentogler, *et al. See* Civil No. 11-2217, M.D. Pa.

On October 27, 2011, Plaintiff Mitchell filed another civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint in this action has been served on Defendants, and a response to the Complaint was filed on December 28, 2011. Defendants filed a Motion to Stay the case until Plaintiff has his criminal trial in Dauphin County Court, which is scheduled in February 2012. *See Mitchell v. Grynkewicz, et al.*, Civil No. 11-1998, M.D. Pa.

On January 26, 2012, Plaintiff Mitchell filed another civil rights action, pursuant to 42 U.S.C. § 1983. *See Mitchell v. Turgeon, et al.*, Civil No. 12-0028, M.D. Pa.

Plaintiff's civil rights actions all appear to relate to his pending criminal charges in Dauphin County, CP-22-CR-617-2011.

In his Complaint, Plaintiff named the following two (2) Defendants: Joel R. Hogentogler, Esq., Deputy/Assistant District Attorney ("ADA") with the Dauphin County District Attorney's Office; and William B. Jackson, Detective with the Dauphin County District Attorney's Office. (Doc. 1, p. 2). In his 6-paragraph Statement of Claim contained in his original Complaint, Plaintiff alleged that Defendants executed an illegal search and illegally seized his treatment and counseling records, level work, letters and essays, as well as mental health medical records, which were in the possession of the DCP Treatment Department. Plaintiff also averred that Defendants' conduct violated various Pennsylvania statutes.

On December 15, 2011, we screened Plaintiff's Complaint as required by the PLRA, 28 U.S.C. §1915(e), and issued a Report and Recommendation ("R&R"). We recommended that Plaintiff's claims under Fifth Amendment against Defendants be dismissed with prejudice. We also recommended that Plaintiff's request for declaratory relief, which was essentially a discovery request for the personnel files and employment records of Defendants for purposes of his pending Dauphin County Court criminal case, be dismissed with prejudice. Moreover, we recommended that Plaintiff's Fourth and Fourteenth Amendment illegal search and seizure claims, and privacy claims, raised against Defendant ADA Hogentogler and Defendant Detective Jackson with respect to Plaintiff's treatment, counseling, and mental health records and documents possessed by DCP be allowed to proceed. Finally, we recommended that insofar as Plaintiff alleged that Defendants ADA Hogentogler and Detective Jackson violated his Fourth Amendment and Fourteenth Amendment rights by illegally recording his three telephone calls,

2

such claim be dismissed with prejudice to the extent the phone calls were made from DCP. (Doc. 7).

On January 26, 2012, the Court issued a Memorandum and Order and adopted, in part, our R&R. (Doc. 18). The Court ordered that Plaintiff's claims under Fourth and Fifth Amendments against Defendants were dismissed with prejudice. The Court also ordered that Plaintiff's Fourteenth Amendment was dismissed without prejudice to Plaintiff's right to file an amended complaint within 30 days. Thus, Plaintiff's amended pleading was due February 25, 2012.

On February 3, 2012, Plaintiff filed a "Supplemental Pleading" pursuant to Fed.R.Civ.P. 15(d) with two exhibits attached as well as a support brief. (Doc. 20). In his filing, Plaintiff sought to supplement his original Complaint to add a First Amendment retaliation claim against Defendant ADA Hogentogler. On February 13, 2012, we issued an Order and denied as moot Plaintiff 's request to file his "Supplemental Pleading" to his original Complaint since the Court has already ruled on Plaintiff's original pleading and allowed him to file an amended complaint only with respect to his Fourteenth Amendment claim. (Doc. 21). Thus, we stated that Plaintiff's original Complaint was no longer at issue since it no longer stood as the pleading in this case and, that his Doc. 20 request to supplement his original Complaint was moot. We further stated that Plaintiff could add his new First Amendment retaliation claim to his amended complaint. Plaintiff was advised that his amended complaint must be complete in all respects, a new pleading which stands by itself as an adequate complaint without reference to the his original Complaint. *See McLaughlin v. Fultz*, 2007 WL 1959301 (M.D. Pa. 7-2-07)(citing *Young*

3

*v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992)). Plaintiff was also advised not to include any claims against the two Defendants which the Court had already dismissed with prejudice. We concluded by stating that once Plaintiff filed his amended complaint, the Court would screen it under the PLRA.[2]

Our Doc. 7 R&R and the Court's Doc. 18 Memorandum specified in detail the deficiencies of Plaintiff's original Complaint. The Court's Doc. 18 Order stated that Plaintiff could file an Amended Complaint within thirty days of the Order with respect to his Fourteenth Amendment claim.

The time in which Plaintiff was to have filed his Amended Complaint regarding his Fourteenth Amendment claim and any new First Amendment claim has expired. The Court, *sua sponte*, gave the *pro se* Plaintiff an additional twenty (20) days to comply with the January 26, 2012 Order and to file his Amended Complaint. The Plaintiff has neither filed his Amended Complaint nor requested an extension of time in which to do so. In fact, the Court has received no filings from the Plaintiff since he filed his Supplemental Pleading on February 3, 2012, which, as stated, we denied as moot in an Order dated February 13, 2012. Also, as stated, we reiterated in the Order that Plaintiff could add his new First Amendment claim in his Amended Complaint and, we specifically reminded Plaintiff that his amended pleading was due on February 25, 2012. (Doc. 21).

---

[2]We noted that we made no determination in our February 13, 2012 Order as to whether Plaintiff stated a cognizable First Amendment retaliation claim against Defendant ADA Hogentogler.

## II. Discussion.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in proceedings *in forma pauperis*, a court shall dismiss a claim if it determines that the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See Nelson v. Dauphin County* Prison, 2009 WL 4269087 (M.D. Pa.). *Pro se* litigants, such as Plaintiff, are accorded substantial deference in federal court. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1959 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, "[a] party must state its claims ... in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . " Fed.R.Civ.P. 10(b).

Plaintiff's original Complaint did not meet the requirements of the Federal Rules of Civil Procedure as detailed in our Doc. 7 R&R and in the Court's January 26, 2012 Memorandum. (Doc. 18). As stated, Plaintiff was afforded thirty (30) days from the date of the January 26, 2012 Order to file his Amended Complaint. (Doc. 18). In our Order dated February 13, 2012, Plaintiff was directed to file a comprehensive Amended Complaint and we stated

that Plaintiff's Amended Complaint was to be a new pleading which stood by itself without reference to the original Complaint he already filed, and that his Amended Complaint was to be complete in all respects.  (Doc. 21).   *See Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992)*; Biers v. Nicola* 860 F.Supp. 226, 236 (E.D. Pa. 1994) (affording *pro se* plaintiffs leave to amend an Amended Complaint, directing them to "file a comprehensive Amended Complaint which simply, concisely and directly states factual, not conclusory, averments of each Defendant's alleged violation(s) of Plaintiff's civil rights."); *Meekins v. Colleran*, No. 3:CV 05 1394, 2005 WL 2133677, at * 1 (M.D. Pa. Sept. 1, 2005). Plaintiff was also advised which of his claims he could raise in his Amended Complaint.  (Doc. 21).

Additionally, as stated, we directly reminded Plaintiff that his amended pleading was due on February 25, 2012.  (Doc. 21).   Further, as stated, we gave Plaintiff an additional twenty days to file his Amended Complaint.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added).  In the instant case, Plaintiff has failed to both prosecute his action and to comply with the Orders of this Court by his failure to timely file his Amended Complaint. Plaintiff has taken no action with respect to his case since he filed improperly his  Supplemental Pleading on February 3, 2012, over one month ago.  In our February 13, 2012 Order, we further reiterated to Plaintiff that in order to proceed, he would have to comply with the Court's January 26, 2012 Order and that he would have to  file his Amended Complaint, not the Supplemental Pleading he filed and we denied as moot.  Plaintiff has now had over thirty

additional days after our February 13, 2012 Order explaining that he must file an Amended Complaint, not simply a Supplemental Pleading.  However, Plaintiff failed to timely file his Amended Complaint despite the fact that we gave him an extra twenty days within which to do so.

The behavior of Plaintiff constitutes a willful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case, but made efforts to comply with this Court's January 26, 2012 Order.  We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007).  We find that based on the several cases Plaintiff has filed with this Court and his full knowledge of the Local Rules of this Court, the consequences if he failed to prosecute his case were clearly known to him, namely, we would recommend that his case be dismissed.  *See Leininger v. Twoton, Inc.*, 2009 WL 1363386 (M.D. Pa.).

Therefore, we shall recommend that this case be dismissed due to Plaintiff's failure to prosecute it and due to his failure to comply with this Court's Orders.  Plaintiff should be deemed as abandoning his action.  *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that Plaintiff's conduct clearly shows that he intended to abandon his case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984) is required before recommending that this case be dismissed under Rule 41(b).  *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*,

7

907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. His inaction points to no other logical conclusion.

*Id*.

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. We find that Plaintiff's stated conduct in delaying his case is attributed to him personally. Plaintiff was required to have filed his Amended Complaint by February 25, 2012. We gave Plaintiff an additional twenty days to file his Amended Complaint. Plaintiff has not properly filed any amended pleading in response to the stated Court Order (Doc. 18), but instead filed his

Supplemental Pleading, which we denied as moot and directed him to include his new claim in his Amended Complaint. (Doc. 21). However, Plaintiff has failed to file an Amended Complaint and, he has given no indication that he intends to pursue his action.

We find that Plaintiff has caused prejudice to Defendants since they have been named in a federal lawsuit and no action, including service of a proper pleading, has been made on them to date. While Plaintiff does not yet have a significant history of dilatoriness in this case, his present conduct in failing to prosecute his November 30, 2011 case is nonetheless evidence of dilatoriness, especially since this case cannot proceed without his compliance with the Court's January 26, 2012 Order.

Based on our discussion above, we find that the conduct of Plaintiff is willful, especially because he has filed nothing with the Court in more than a month, he has failed to respond to the Court's January 26, 2012 Order, and he has not contacted the Court to explain why he has failed to comply with the Order.

Plaintiff was well aware of the consequences of his failure to comply with the Court's January 26, 2012 Order, and thus, we shall now recommend that his case be dismissed. As stated, this case cannot proceed without Plaintiff's compliance with the January 26, 2012 Order. Since we shall recommend that Plaintiff's case be dismissed without prejudice and since Plaintiff is seeking to proceed *in forma pauperis*, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's failure to comply with the Court's January 26, 2012 Order demonstrates he has abandoned his case.

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that this case be dismissed without prejudice on the basis of Plaintiff's failure to comply with the Court's January 26, 2012 Order. It is also recommended that Plaintiff's case be dismissed without prejudice on the basis of his failure to prosecute his action. Furthermore, it is recommended that Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) be granted solely for the purpose of filing this action.

s/ Thomas M. Blewitt  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: March 16, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LLOYD MITCHELL, | : | CIVIL ACTION NO. **3:CV-11-2217** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| HOGENTOGLER, | : | |
| et al., | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 16, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or his discretion or where required by law, and may consider the record developed before the

magistrate judge, making his own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                             s/ Thomas M. Blewitt
                                                                             **THOMAS M. BLEWITT**
                                                                             **United States Magistrate Judge**

**Dated: March 16, 2012**