IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LLOYD MITCHELL, | : | CIVIL ACTION NO. **1:CV-11-2217** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOEL R. HOGENTOGLER, | : | |
| et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

## I.   BACKGROUND

On November 30, 2011, Plaintiff Victor Lloyd Mitchell, an inmate at the Dauphin

County Prison ("DCP"), Harrisburg, Pennsylvania, filed, *pro se,* the instant civil rights action,

pursuant to 42 U.S.C. § 1983. [1] (Doc. 1).  Plaintiff also filed a Motion for leave to proceed *in*

*forma pauperis*, which we granted for purposes of filing the action.  (Doc. 2).

---

[1]As stated above,  on November 30, 2011, Plaintiff Mitchell filed his second §1983 civil rights action, the instant case,  against ADA Hogentogler, *et al.  See* Civil No. 11-2217, M.D. Pa. On June 29, 2011, Plaintiff Victor Lloyd Mitchell filed a previous civil rights action, pursuant to 42 U.S.C.  § 1983. Plaintiff's 11-1240 case was dismissed on August 9, 2011.  *See Mitchell v. Dauphin County Commissioners*, Civil No. 11-1240, M.D. Pa.
On October 27, 2011, Plaintiff Mitchell filed another civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's Complaint in this action has been served on Defendants, and a response to the Complaint was filed on December 28, 2011.  Defendants filed a Motion to Stay the case until Plaintiff has his criminal trial in Dauphin County Court, which is scheduled in February 2012.  *See Mitchell v. Grynkewicz, et al.,* Civil No. 11-1998, M.D. Pa.
On January 26, 2012, Plaintiff Mitchell filed another civil rights action, pursuant to 42 U.S.C. § 1983.  *See Mitchell v. Turgeon, et al.,* Civil No. 12-0028, M.D. Pa.
Plaintiff's civil rights actions all appear to relate to his pending criminal charges in Dauphin County, CP-22-CR-617-2011.

In his Complaint, Plaintiff named the following two (2) Defendants: Joel R. Hogentogler, Esq., Deputy/Assistant District Attorney ("ADA") with the Dauphin County District Attorney's Office; and William B. Jackson, Detective with the Dauphin County District Attorney's Office.  (Doc. 1, p. 2).   In his 6-paragraph Statement of Claim contained in his original Complaint, Plaintiff alleged that Defendants executed an illegal search and illegally seized his treatment and counseling records, level work, letters and essays, as well as mental health medical records, which were in the possession of the DCP Treatment Department.  Plaintiff also averred that Defendants' conduct violated various Pennsylvania statutes.

On December 15, 2011, we screened Plaintiff's Complaint as required by the PLRA, 28 U.S.C. §1915(e),  and issued a Report and Recommendation ("R&R").  (Doc. 7).  We recommended that Plaintiff's claims under Fifth Amendment against Defendants be dismissed with prejudice.  (Doc. 7, p. 20).  We  also recommended that Plaintiff's request for declaratory relief, which was essentially a discovery request for the personnel files and employment records of Defendants for purposes of his pending Dauphin County Court criminal case, be dismissed with prejudice.  (*Id.*).  Moreover, we  recommended that Plaintiff's Fourth and Fourteenth Amendment illegal search and seizure claims, and privacy claims, raised against Defendant ADA Hogentogler and Defendant Detective Jackson with respect to Plaintiff's treatment, counseling, and mental health records and documents possessed by DCP be allowed to proceed.  (*Id.*).  Finally, we recommended that insofar as Plaintiff alleged that Defendants ADA Hogentogler and Detective Jackson  violated his

Fourth Amendment and Fourteenth Amendment rights by illegally recording his three telephone calls, such claim be dismissed with prejudice to the extent the phone calls were made from DCP.   (Doc. 7, p. 20).

On January 26, 2012, the Court issued a Memorandum and Order and adopted, in part, our R&R.  (Doc. 18).  The Court dismissed with prejudice Plaintiff's Fourth and Fifth Amendments claims against Defendants.  (*Id.* at 6).  The Court also dismissed Plaintiff's Fourteenth Amendment claim without prejudice and stated the Plaintiff could file an amended complaint within 30 days.  (*Id.*).  Thus, Plaintiff's amended pleading was due February 25, 2012.

On February 3, 2012, Plaintiff filed a "Supplemental Pleading" pursuant to Fed.R.Civ.P. 15(d) with two exhibits attached as well as a support brief.  (Doc. 20).  In his filing, Plaintiff sought  to supplement his original Complaint by adding a First Amendment retaliation claim against Defendants.  On February 13, 2012, we issued an Order and denied as moot Plaintiff 's request to file his "Supplemental Pleading"  to his original Complaint since the Court has already ruled on Plaintiff's original pleading and allowed him to file an amended complaint only with respect to his Fourteenth Amendment claim.  (Doc. 21).  Thus, we stated that Plaintiff's original Complaint was no longer at issue because it no longer stood as the pleading in this case, and that the Supplemental Pleadings (Doc. 20) he filed were, therefore, moot.  (Doc. 21).  We further stated that Plaintiff could add his new First Amendment retaliation claim to his amended complaint. Plaintiff was advised that his amended complaint must be complete in all respects, a new pleading which stands by itself

as an adequate complaint without reference to the his original complaint. *See McLaughlin v. Fultz*, 2007 WL 1959301 (M.D. Pa. 7-2-07)(citing *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992)).  Plaintiff was also advised not to include any claims against the two Defendants which the Court had already dismissed with prejudice.  (Doc. 21).  We concluded by stating that once Plaintiff filed his amended complaint, the Court would screen it under the PLRA.[2]   (*Id.*).

Both our R&R and the Court's subsequent Order specified in detail the deficiencies of Plaintiff's original Complaint.  (Docs. 7 and 18, respectively).  The Court's Order stated that Plaintiff could file an Amended Complaint within thirty days of the Order with respect to his Fourteenth Amendment claim.  (*Id.*).  However, the time in which Plaintiff was to have filed his Amended Complaint regarding his Fourteenth Amendment claim and any new First Amendment claim expired.  The Court, *sua sponte*, gave the *pro se* Plaintiff an additional twenty (20) days to comply with the January 26, 2012 Order and to file his Amended Complaint.  However, the Plaintiff once again did not file an Amended Complaint or move for an extension of time in which to do so.

On March 16, 2012, in response to Plaintiff's lack of filing of the aforementioned documents, we issued a Report and Recommendation that Plaintiff's case be dismissed without prejudice on the grounds that Plaintiff failed to prosecute his case.  (Doc. 22).

On April 3, 2012, the Court adopted our Report and Recommendation and issued an

---

[2]We noted that we made no determination in our February 13, 2012 Order as to whether Plaintiff stated a cognizable First Amendment retaliation claim against Defendant ADA Hogentogler.

Order granting Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) solely for the purposes of filing this action, and dismissed the action without prejudice, giving the Plaintiff twenty-one (21) days from the date of the April 3, 2012 Order to file an Amended Complaint.  (Doc. 23).

On April 20, 2012, Plaintiff filed, *pro se*, an Amended Complaint (Docs. 24 and 24-1) pursuant to 42 U.S.C. § 1983, a Memorandum of Law in Support of his Amended Complaint (Doc. 25), and Exhibits (Doc. 28). As discussed in greater length below, Plaintiff alleges a First Amendment retaliation claim, a Fourth Amendment search and seizure claim, and a Fourteenth Amendment right to privacy claim.  In his prayer for relief, Plaintiff requests the following: (1) compensatory and punitive damages to be decided by a jury; (2) the cost of the filing fee; (3) an order precluding the Defendants from further use or disclosure of the three recorded calls from the DCP; (4) that the Defendants be ordered to destroy all items seized by vehicle of the search warrant of August 9, 2011 that are within their possession or their control, and that a protection order be issued barring further disclosure of the information seized; (5) that Defendant Hogentogler be ordered to promptly disclose the final outcome of this instant case to the PA and Dauphin County Bar, and the PA Disciplinary Board, upon a favorable outcome in this case to the Plaintiff; and (6) that a protective order be issued barring further disclosure of information gathered by Defendants from Dauphin County Treatment staff.  (Doc. 24, p. 6-7).

On May 4, 2012, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint.  (Doc. 29).  However, to address this motion at this point would be premature

because we must first complete the PLRA screening process of Plaintiff's Amended

Complaint.  Therefore, we will not be addressing this motion in this Report and

Recommendation.  We will now screen Plaintiff's Amended Complaint in accordance with

the Prison Litigation Reform Act of 1995.

## II.   STANDARDS OF REVIEW

### A.   PRISON LITIGATION REFORM ACT OF 1995

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant

to 28 U.S.C. § 1915.  (Doc. 2).  The Prison Litigation Reform Act of 1995,[3] (the "PLRA"),

obligates the Court to engage in a screening process when a prisoner wishes to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915.[4]  Specifically, Section 1915(e)(2), which was

created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

### B.   42 U.S.C. §1983 STANDARD

In a § 1983 civil rights action, the Plaintiff must prove the following two essential

_____

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[4]The Plaintiff filed an application to proceed *in forma pauperis* and an authorization to
have funds deducted from his prison accounts. (Docs.  2, 3 and 6).

elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.).  Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[5]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case, and that a complaint must allege such personal involvement.  *Id*.  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id*.  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

A defendant in a civil rights action must have personal involvement

---

[5]Plaintiff alleges in his  pleading that both Defendants are employees of Dauphin County. This is sufficient to show that Defendants are state agents.  *See McCarthy v. County of Bucks*, 2008 WL 5187889, * 1, n. 4 (E.D. Pa.).

in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

See also Beattie v. Dept. of Corrections SCI-Mahanoy, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights."), citing Rode, supra.

## C.   MOTION TO DISMISS STANDARD

In Reisinger v. Luzerne County, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions Bell Atlantic Corp. v. Twombly, 550 U.S. 433 (2007), and Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citation omitted). McTernan v. City of York, 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of Twombly and Iqbal in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before McTernan, Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ Iqbal, 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint

are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).


III.    **DISCUSSION**

In his Amended Complaint filed on April 20, 2012, Plaintiff claims that his First, Fourth and

Fourteenth Amendment rights have been violated by the Defendants.  (Doc. 24). Regarding the

First Amendment claim, Plaintiff alleges a First Amendment retaliation claim claiming that

Defendants violated his First Amendment right to seek judicial relief in retaliation for the criminal

complaint Plaintiff had filed against his treating therapist, DCP Treatment Department therapist

Melony Righter.

Regarding Plaintiff's Fourth Amendment claim, Plaintiff alleges that Defendants violated his

Fourth Amendment right against illegal search and seizures when they obtained Plaintiff's treatment

records and recordings of Plaintiff's telephone calls

Regarding Plaintiff's Fourteenth Amendment claim, Plaintiff alleges that Defendants violated his Fourteenth Amendment right to privacy when they obtained his mental health counseling and treatment records and recordings of three (3) phone calls he had made from the Dauphin County Prison ("DCP").

Important to address is whether Plaintiff's Amended Complaint claims are barred by the *Heck* favorable termination rule.  In our Report and Recommendation filed on December 15, 2011, we recommended that while these claims may be barred by the *Heck* favorable termination rule, Plaintiff should be permitted to proceed with his claims because it would be premature to barr them based on the *Heck* favorable termination rule.   We explained that It would be premature to barr these claims based on the favorable termination rule because the criminal charges filed against Plaintiff, which gave rise to the Constitutional issues raised by Plaintiff in his Amended Complaint, were still pending on appeal in Pennsylvania Superior Court.  The Court agreed with our *Heck* analysis in its January 26, 2012 Order, in which the Court stated that "[n]either Plaintiff nor Defendants challenge Judge Blewitt's conclusions regarding . . . whether Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Therefore, the Court will adopt these recommendations . . . "  (Doc. 18, p. 2-3).  Because the disposition of the criminal charges against Plaintiff remains the same (the charges are still pending on appeal in Pennsylvania Superior Court), we again recommend that Plaintiff's foregoing claims, while in the future may be barred by *Heck*, are not yet barred, and, therefore, should be permitted to proceed.

Also, in his Amended Complaint, Plaintiff insinuates that the Defendants were co-conspirators in a conspiracy against him, alleging that they jointly violated his Constitutional rights

10

by illegally obtaining treatment records and phone call recordings in which Plaintiff believes he had a reasonable expectation of privacy, and that they did so in retaliation for Plaintiff seeking judicial relief against DCP Treatment Department employee Melony Righter. To the extent Plaintiff seeks to invoke criminal charges against Defendants under 18 U.S.C. §241, conspiracy against rights, and §242, deprivation of rights under color of law, it is well-settled that he cannot do so in a civil rights action.  The Court has no authority to grant a Plaintiff relief with respect to alleged criminal conduct.  *See Matthews v. Villella*, 2009 U.S. Dist. LEXIS 8858, 2009 WL 311177, *2 (M.D. Pa.), *aff'd*, in relevant part, 381 Fed. Appx. 137 (3d Cir. 2010); Banks v. U.S. Attorney, 2008 U.S. Dist. LEXIS 62667, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is seeking this Court to arrest and punish Defendants for the alleged illegal behavior, we recommend the Court dismiss with prejudice any criminal charges Plaintiff may be attempting to raise in this instant civil rights action.

We will now address each of Plaintiff's First, Fourth, and Fourteenth Amendment claims in turn.

### A.    FIRST AMENDMENT RETALIATION CLAIM

In his Amended Complaint, Plaintiff alleges a First Amendment retaliation claim stating that Defendants violated his First Amendment right to seek judicial relief in retaliation for the criminal complaint Plaintiff had filed against his treating therapist, Melony Righter.  (Doc. 24-1, p. 4-5). Plaintiff alleges that Defendants have retaliated against Plaintiff for filing a claim against Melony Righter by obtaining his treatment records and three (3) recorded phone calls in order to bolster the Prosecution's case regarding criminal charges filed against the Plaintiff that are currently pending on appeal in the Pennsylvania Superior Court.  (*Id.*).

In *White v. Napoleon*, the Third Circuit held that "[r]etaliation for the exercise of constitutionally-protected rights is itself a violation of rights secured by the Constitution."  897 F.2d 103, 111-12 (3d Cir. 1990).  In order to prevail on a retaliation claim, a plaintiff must prove:

> (1) he was engaged in a constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action.

*Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (*quoting Allah v. Seiverling*, 229, F.3d 220, 225 (3d Cir. 2000).

In order to determine whether Plaintiff has properly stated a First Amendment retaliation claim, we will go through each of the steps in the aforementioned burden of proof.  First, Plaintiff must allege he was engaged in a constitutionally-protected activity.  Plaintiff alleges that he was engaged in the constitutionally-protected activity of seeking judicial relief against a DCP employee (Melony Righter).  (Doc. 24-1, p. 4-5).  The question, therefore, is whether the act of seeking judicial relief is a constitutionally-protected activity.  According to the Third Circuit, a prisoner's ability to file grievances and lawsuits against prison officials is a constitutionally-protected activity for purposes of a retaliation claim.  *See Millhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981) (retaliation for exercising right to petition for redress of grievances states a cause of action for damages under the constitution).  Thus, because Plaintiff has alleged that he was engaged in a constitutionally-protected activity, we find he has properly alleged the first prong of a retaliation claim.

Next, Plaintiff must allege that, at the hands of a state actor, he suffered an adverse action sufficient enough to deter a person of ordinary firmness from exercising his constitutional rights.

Plaintiff claims that the adverse action he suffered from Defendants obtaining the three (3) phone call recordings was that a search warrant was issued based on these articles Defendants obtained, and that search warrant led to the discovery of his mental health treatment records, which were then used to allegedly bolster the prosecution's case against him in the criminal charges currently pending on appeal in the Pennsylvania Superior Court.  (Doc. 24-1, p. 4-5).  Plaintiff claims that Defendants actions have intimidated him from exercising any future right to seek judicial relief. Thus, because Plaintiff has alleged that he suffered an adverse action at the hands of a state actor sufficient enough to deter him from seeking judicial relief in the future, we find that Plaintiff has properly alleged the second prong of a retaliation claim.

Finally, Plaintiff must allege that the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action.  Plaintiff does not specifically allege that the protected activity of seeking judicial relief was a substantial or motivating factor in the Defendants' decision to allegedly take adverse action against Plaintiff.  Therefore, because Plaintiff does not allege the third prong necessary to state a claim for relief under a First Amendment retaliation theory, we respectfully recommend that the Court dismiss Plaintiff's First Amendment retaliation claim without prejudice to allow Plaintiff the opportunity to file an Amended Complaint with regards to this claim.

We remind Plaintiff that the "amended complaint must be complete  in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the Defendants which have resulted in

constitutional deprivations.  *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976).  It should specify

which actions are alleged as to which Defendants.  The amended complaint must be "simple,

concise, and direct" as required by the Rules of Civil Procedure.  *See*, Fed.R.Civ.P. 8(e)(1).  If

Plaintiff fails, within the applicable time period, to file an amended complaint adhering to the

standards set forth above, it will be recommended that his action be dismissed.

**B.      FOURTH AMENDMENT ILLEGAL SEARCH AND SEIZURE CLAIM**

Plaintiff attempts to allege a Fourth Amendment unreasonable search and seizure claim

against Defendants on the basis that the three (3) phone call recordings and treatment records were

illegally seized because Plaintiff had a reasonable expectation of privacy in the recordings and

records.  (Doc. 24-1, p. 5-7).  However, we will not re-address Plaintiff's Fourth Amendment claim

because the Court has dismissed this claim with prejudice, and, therefore, we are not permitted to

analyze Plaintiff's Fourth Amendment claim in his Amended Complaint.

In its January 26, 2012 Order, the Court stated:

> Although Plaintiff now claims that he had a reasonable expectation of privacy in the
> seized records based on four Pennsylvania statutes, nothing in his complaint indicates
> how Plaintiff had any expectation of privacy, for Fourth Amendment purposes, in
> records that were in the possession of the DCP Treatment Department at the time of
> their seizure. See Doe, 257 F.3d at 316 (recognizing that the Fourth Amendment has
> no applicability in the prison context).  Therefore, the Court declines to adopt Judge
> Blewitt's recommendation that Plaintiff's Fourth Amendment claim be allowed to
> proceed.

(Doc. 18, p. 4).

The Court also highlighted the fact that the Fourth Amendment's protections regarding

"seizures of a prisoner's effects or property do not apply in the prison context."  *Goins v. Beard*, No.

09-1223, 2011 WL 4345874, at *8 (W.D. Pa. Sept. 15, 2011).  Based on this reasoning, the Court

dismissed with prejudice Plaintiff's Fourth Amendment unreasonable search and seizure claim. Therefore, we will not address Plaintiff's Fourth Amendment claim.

### C.      FOURTEENTH AMENDMENT RIGHT TO PRIVACY CLAIM

Plaintiff alleges that Defendants obtained his counseling and mental health treatment records possessed by the DCP Treatment Department in violation of his Fourteenth Amendment right to privacy as well as his right to privacy afforded by the Pennsylvania Mental Health Procedures Act, Section 8 of the Pennsylvania Drug and Alcohol Abuse Control Act, and the Pennsylvania psychologist-patient privilege.  Plaintiff also alleges that Defendants violated his Fourteenth Amendment right to privacy when they allegedly illegally seized three (3) phone call recordings of calls made by the Plaintiff from the DCP.

Plaintiff seemingly intertwines his Fourteenth Amendment right to privacy claim with his Fourth Amendment right to be free from unreasonable searches and seizures.  However, the Supreme Court has noted that "[t]he right to nondisclosure of one's medical information emanates from a different source and protects different interests than the right to be free from unreasonable searches and seizures."  *Doe v. Delie*, 257 F.3d 309, 316-317 (3d Cir. 2001).  Therefore, we have separated and analyzed the Fourteenth and Fourth Amendment claims according to the appropriate standards as formulated by the Supreme Court and Third Circuit as herein discussed.

According to the Supreme Court, a constitutional right to privacy exists in order to protect "the individual interest in avoiding disclosure of personal matters."  *Whalen v. Roe*, 429 U.S. 589, 599-600, 97 S. Ct. 869, 51 L. Ed. 2d 64 (1977).  The Third Circuit further defined a right to privacy

regarding medical information stating: "[t]here can be no question that . . . medical records, which may contain intimate facts of personal nature, are well within the ambit of materials entitled to privacy protection." *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980).

However, a prisoner maintains a limited right to privacy in his or her medical information, as the Third Circuit in *Doe v. Delie* stated, "a prisoner does not enjoy a right of privacy in his medical information to the same extent as a free citizen." 257 F.3d 309, 317 (3d Cir. 2001). Furthermore, "[a] prisoner's constitutional right to privacy, including the preservation of the confidentiality of medical information, 'is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security. Any policy or regulation that curtails such right must be "reasonably related to legitimate penological interests.'" *Id. (citing Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).

 In order to succeed on a Fourteenth Amendment right to privacy claim, an inmate plaintiff must allege that the records seized contained medical information that the defendant(s) disclosed to a third party. *Doe*, 257 F. 3d at 317 (*citing Whalen*, 429 U.S. at 599-600). While Plaintiff's Amended Complaint cites various statutes aimed to protect his right to privacy in his medical records, he does not specifically allege that the records at issue contained medical information nor does he allege that Defendants disclosed any of the information contained in these records to a third party.

The Court's January 26, 2012 Order stated:

> Plaintiff's complaint, despite including citations to various Pennsylvania statutes, contains no allegations that the seized records contained medical information or that Defendants disclosed any such information. Therefore, the Court declines to adopt Judge Blewitt's recommendation that Plaintiff's Fourteenth Amendment claim, based

16

on Defendants' search and seizure, be allowed to proceed.  The Court, however, will grant Plaintiff leave to amend his complaint to attempt to properly state a Fourteenth Amendment claim."

(Doc. 18, p. 4-5).

Because the Court has already given Plaintiff a second opportunity in his Amended Complaint to properly allege a Fourteenth Amendment right to privacy claim regarding his treatment records, and because Plaintiff again has failed to properly allege this claim because once again he has failed to allege that the records contained medical information that Defendants disclosed to a third party, we recommend that this Court dismiss with prejudice Plaintiff's Fourteenth Amendment right to privacy claim regarding  his treatment records.

Furthermore, insofar as Plaintiff alleges that Defendants violated his Fourteenth Amendment right to privacy by allegedly illegally obtaining recordings of his three (3) phone calls, we find that Plaintiff has failed to state a cognizable claim because  "inmates have no expectation of privacy when making telephone calls from a prison telephone."  *See U.S. v. Colbert*, 2011 WL 3360112, *8 (8-3-11)(*citing Tindall v. Beard*, 351 Fed.Appx. 591, 594 (3d Cir. 2009)(prisoners do not have right to privacy during incarceration)(additional citations omitted).  Thus, "absent a reasonable expectation of privacy, there can be no [Fourteenth] Amendment violation from the monitoring and recording of calls made from a prison telephone." *Id.*  Also, if DCP had a policy in its inmate handbook notifying inmates that their calls would be monitored and recorded, then Plaintiff impliedly consented to the recording of the phone conversations he made from DCP.  *See U.S. v. Colbert*, 2011 WL 3360112, *8.  Therefore, because Plaintiff has failed for the second time to properly allege his Fourteenth Amendment right to privacy claim regarding the three (3) recorded

telephone calls obtained by Defendants, we recommend that the Court dismiss this Fourteenth Amendment claim with prejudice.

Plaintiff had ample opportunity to state a cognizable Fourteenth Amendment claim in his Amended Complaint, but, as discussed above, has failed to do so.  We respectfully recommend that the Court dismiss Plaintiff's Fourteenth Amendment claim with prejudice because to allow Plaintiff to amend his pleadings for a second time on this claim would be futile and in contrast to the principle of Federal Rule of Civil Procedure 12(b)(6).

## IV.    RECOMMENDATION

Based on the above, it is respectfully recommended that Plaintiff's retaliation claim under the First Amendment be dismissed without prejudice, and that Plaintiff be permitted to file an Amended Complaint regarding his First Amendment retaliation claim.

Furthermore, we reiterate that have not addressed Plaintiff's Fourth Amendment illegal search and seizure claim because the Court has already dismissed this claim with prejudice.

Moreover, it is recommended that Plaintiff's Fourteenth Amendment right to privacy claim raised against Defendant ADA Hogentogler and Defendant Detective Jackson with respect to Plaintiff's treatment, counseling, and mental health records and documents possessed by DCP be dismissed with prejudice for Plaintiff's failure to state a cognizable claim.  Insofar as Plaintiff alleges that Defendants ADA Hogentogler and Detective Jackson violated his Fourteenth Amendment rights by recording his three telephone calls, it is also recommended that such claim be dismissed with

prejudice because the calls were made from the DCP, and Plaintiff, therefore, had no right to privacy in these calls.


                                        s/ Thomas M. Blewitt
                                        THOMAS M. BLEWITT
                                        United States Magistrate Judge

Dated: May 14, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LLOYD MITCHELL, | : | CIVIL ACTION NO. **1:CV-11-2217** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOEL R. HOGENTOGLER, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 14 , 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

20

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                      **s/ Thomas M. Blewitt**
_____  **THOMAS M. BLEWITT**
                                  **United States Magistrate Judge**


**Dated: May 14, 2012**