IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LLOYD MITCHELL, | : | CIVIL ACTION NO. **1:CV-11-2217** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOEL R. HOGENTOGLER, | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND.

On November 30, 2011, Plaintiff Victor Lloyd Mitchell, formerly an inmate at the Dauphin County Prison ("DCP"), Harrisburg, Pennsylvania, filed, *pro se*, the instant civil rights action, pursuant to 42 U.S.C. § 1983.[1]  (Doc. 1).  Plaintiff also filed a Motion for leave to proceed *in forma pauperis*.  (Doc. 2).    Plaintiff is now confined at SCI-Camp Hill.

---

[1]As stated above,  on November 30, 2011, Plaintiff Mitchell filed his second §1983 civil rights action, the instant case,  against ADA Hogentogler, *et al.  See* Civil No. 11-2217, M.D. Pa.
On June 29, 2011, Plaintiff Victor Lloyd Mitchell filed a previous civil rights action, pursuant to 42 U.S.C.  § 1983. Plaintiff's 11-1240 case was dismissed on August 9, 2011.  *See Mitchell v. Dauphin County Commissioners*, Civil No. 11-1240, M.D. Pa.
On October 27, 2011, Plaintiff Mitchell filed another civil rights action pursuant to 42 U.S.C. § 1983. *See Mitchell v. Grynkewicz, et al.,* Civil No. 11-1998, M.D. Pa.   Plaintiff's Complaint in this action was served on Defendants, and a response to the Complaint was filed on December 28, 2011.  Defendants filed a Motion to Stay the case until Plaintiff had his criminal trial in Dauphin County Court, which was scheduled in February 2012.  Subsequently, Plaintiff filed a Notice of Voluntary Dismissal of his 11-1998 case, and the Court dismissed the case on April 17, 2012.
On January 26, 2012, Plaintiff Mitchell filed another civil rights action, pursuant to 42 U.S.C. § 1983.  *See Mitchell v. Turgeon, et al.,* Civil No. 12-0028, M.D. Pa.  On February 22, 2012, the Court adopted our R&R and dismissed with prejudice Defendants Judge Turgeon and ADA Hogentogler and, closed the case.
Plaintiff's civil rights actions all related to his criminal charges in Dauphin County, CP-22-CR-617-2011.

In his original Complaint, Plaintiff named the following two (2) Defendants: Joel R. Hogentogler, Esq., Deputy/Assistant District Attorney ("ADA") with the Dauphin County District Attorney's Office; and William B. Jackson, Detective with the Dauphin County District Attorney's Office. (Doc. 1, p. 2). In his 6-paragraph Statement of Claim contained in his original Complaint, Plaintiff alleged that Defendants executed an illegal search and illegally seized his treatment and counseling records, level work, letters and essays, as well as mental health medical records, which were in the possession of the DCP Treatment Department. Plaintiff also averred that Defendants' conduct violated various Pennsylvania statutes.

On December 15, 2011, we screened Plaintiff's original Complaint as required by the PLRA, 28 U.S.C. §1915(e), and issued a Report and Recommendation ("R&R"). (Doc. 7). We recommended that Plaintiff's claims under Fifth Amendment against Defendants be dismissed with prejudice. (Doc. 7, p. 20). We also recommended that Plaintiff's request for declaratory relief, which was essentially a discovery request for the personnel files and employment records of Defendants for purposes of his pending Dauphin County Court criminal case, be dismissed with prejudice. (*Id*.). Moreover, we recommended that Plaintiff's Fourth and Fourteenth Amendment illegal search and seizure claims, and privacy claims, raised against Defendant ADA Hogentogler and Defendant Detective Jackson with respect to Plaintiff's treatment, counseling, and mental health records and documents possessed by DCP be allowed to proceed. (*Id*.). Finally, we recommended that insofar as Plaintiff alleged that Defendants ADA Hogentogler and Detective Jackson violated his Fourth Amendment and Fourteenth Amendment rights by illegally recording his three telephone calls, such claim be dismissed with prejudice to the extent the phone calls were

made from DCP.  (Doc. 7, p. 20).

On January 26, 2012, the Court issued a Memorandum and Order and adopted, in part, our R&R.  (Doc. 18).  The Court dismissed with prejudice Plaintiff's Fourth and Fifth Amendments claims against Defendants.  (*Id.* at 6).  The Court also dismissed Plaintiff's Fourteenth Amendment claim without prejudice and stated the Plaintiff could file an amended complaint within 30 days. (*Id.*).  Thus, Plaintiff's amended pleading was due February 25, 2012.

On February 3, 2012, Plaintiff filed a "Supplemental Pleading" pursuant to Fed.R.Civ.P. 15(d) with two exhibits attached as well as a support brief.  (Doc. 20).  In his filing, Plaintiff sought to supplement his original Complaint by adding a First Amendment retaliation claim against Defendants.  On February 13, 2012, we issued an Order and  denied as moot Plaintiff 's request to file his "Supplemental Pleading"  to his original Complaint since the Court has already ruled on Plaintiff's original pleading and allowed him to file an amended complaint only with respect to his Fourteenth Amendment claim.  (Doc. 21).  Thus, we stated that Plaintiff's original Complaint was no longer at issue because it no longer stood as the pleading in this case, and that the Supplemental Pleadings (Doc. 20) he filed were, therefore, moot.  (Doc. 21).  We further stated that Plaintiff could add his new First Amendment retaliation claim to his amended complaint. Plaintiff was advised that his amended complaint must be complete in all respects, a new pleading which stands by itself as an adequate complaint without reference to the his original complaint. *See McLaughlin v. Fultz*, 2007 WL 1959301 (M.D. Pa. 7-2-07)(citing *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992)).  Plaintiff was also advised not to include any claims against the two Defendants which the Court had already dismissed with prejudice.  (Doc. 21).  We concluded by stating that once Plaintiff

filed his amended complaint, the Court would screen it under the PLRA.[2]  (*Id.*).

Both our R&R and the Court's subsequent Order specified in detail the deficiencies of Plaintiff's original Complaint.  (Docs. 7 and 18, respectively).  The Court's Order stated that Plaintiff could file an Amended Complaint within thirty days of the Order with respect to his Fourteenth Amendment claim.  (*Id.*).  However, the time in which Plaintiff was to have filed his Amended Complaint regarding his Fourteenth Amendment claim and any new First Amendment claim expired.  The Court, *sua sponte*, gave the *pro se* Plaintiff an additional twenty (20) days to comply with the January 26, 2012 Order and to file his Amended Complaint.  However, the Plaintiff once again did not file an Amended Complaint or move for an extension of time in which to do so.

On March 16, 2012, in response to Plaintiff's lack of filing of the aforementioned documents, we issued a Report and Recommendation that Plaintiff's case be dismissed without prejudice on the grounds that Plaintiff failed to prosecute his case.  (Doc. 22).

On April 3, 2012, the Court adopted our Report and Recommendation and issued an Order granting Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) solely for the purposes of filing this action, and dismissed the action without prejudice, giving the Plaintiff twenty-one (21) days from the date of the April 3, 2012 Order to file an Amended Complaint.  (Doc. 23).

On April 20, 2012, Plaintiff filed, *pro se*, an Amended Complaint (Docs. 24 and 24-1) pursuant to 42 U.S.C. § 1983, a Memorandum of Law in Support of his Amended Complaint (Doc. 25), and Exhibits (Doc. 28). As discussed in greater length below, Plaintiff alleges a First Amendment

---

[2]We noted that we made no determination in our February 13, 2012 Order as to whether Plaintiff stated a cognizable First Amendment retaliation claim against Defendant ADA Hogentogler.

retaliation claim, a Fourth Amendment search and seizure claim, and a Fourteenth Amendment right to privacy claim. In his prayer for relief, Plaintiff requests the following: (1) compensatory and punitive damages to be decided by a jury; (2) the cost of the filing fee; (3) an order precluding the Defendants from further use or disclosure of the three recorded calls from the DCP; (4) that the Defendants be ordered to destroy all items seized by vehicle of the search warrant of August 9, 2011 that are within their possession or their control, and that a protection order be issued barring further disclosure of the information seized; (5) that Defendant Hogentogler be ordered to promptly disclose the final outcome of this instant case to the PA and Dauphin County Bar, and the PA Disciplinary Board, upon a favorable outcome in this case to the Plaintiff; and (6) that a protective order be issued barring further disclosure of information gathered by Defendants from Dauphin County Treatment staff. (Doc. 24, p. 6-7).

On May 4, 2012, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 29). However, we found that it would be premature to address Defendants' Motion because we had to first complete the PLRA screening process of Plaintiff's Amended Complaint. Therefore, on May 14, 2012, we issue a Report and Recommendation in which we screened Plaintiff's Amended Complaint in accordance with the Prison Litigation Reform Act of 1995. (Doc. 30). We recommended that Plaintiff's retaliation claim under the First Amendment be dismissed without prejudice, and that Plaintiff be permitted to file a second Amended Complaint regarding his First Amendment retaliation claim. Furthermore, we did address Plaintiff's Fourth Amendment illegal search and seizure claim because the Court had already dismissed this claim with prejudice.

Moreover, we recommended that Plaintiff's Fourteenth Amendment right to privacy claim raised against Defendant ADA Hogentogler and Defendant Detective Jackson with respect to Plaintiff's treatment, counseling, and mental health records and documents possessed by DCP be dismissed with prejudice for Plaintiff's failure to state a cognizable claim. Insofar as Plaintiff alleged that Defendants ADA Hogentogler and Detective Jackson violated his Fourteenth Amendment rights by recording his three telephone calls, we also recommended that such claim be dismissed with prejudice because the calls were made from the DCP, and Plaintiff, therefore, had no right to privacy in these calls.

On June 20, 2012, the Court issued an Order and adopted our Doc. 30 R&R. The Court dismissed without prejudice Plaintiff's retaliation claim under the First Amendment and permitted Plaintiff to file a second Amended Complaint regarding only his First Amendment retaliation claim. (Doc. 35).

On July 17, 2012, Plaintiff filed his Second Amended Complaint ("SAC") against only Defendant ADA Hogentogler raising his retaliation claim and basically alleging that Hogentogler selectively prosecuted him as retaliation for his exercise of his First Amendment rights. (Doc. 38).

On October 5, 2012, we issued an Order and granted Plaintiff 's *in forma pauperis* Motion, and directed service of Plaintiff's SAC on Defendant Hogentogler. (Doc. 41). Defendant was served with Plaintiff 's SAC and on February 11, 2013, he filed a Motion to Dismiss Plaintiff 's SAC pursuant to Fed.R.Civ.P. 12(b)(6). **(Doc. 46).** On February 26, 2013, Defendant filed a Brief in Support of his Document 46 Motion to Dismiss. After being granted an extension of time, Plaintiff filed his Answer to Defendant's Motion to Dismiss on April 4, 2013. (Doc. 52). Plaintiff did not file

a proper Brief in Opposition to Defendant's Motion. Plaintiff stated in his Answer that he "waived submission of a Brief." (Id., p. 4). Defendant then filed his Reply Brief on April 22, 2013. (Doc. 53). On April 26, 2013, without obtaining the required leave of Court, Plaintiff filed a sur-reply brief in violation of the Local Rules of this Court.[3]    (Doc. 54).   Nonetheless, we will consider Plaintiff 's sur-reply brief.

Therefore, Defendant's **Document 46** Motion to Dismiss is now ripe for review by the Court.

## II. STANDARDS OF REVIEW.

### A. 42 U.S.C. §1983 STANDARD

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[4]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-

---

[3]We note that Plaintiff was provided with a copy of the pertinent Local Rules of this Court.  (Doc. 5).  Also, based on Plaintiff 's other cases he filed with this Court, Plaintiff was well aware of this Court's Local Rules.

[4]Plaintiff alleges in his SAC that remaining Defendant Hogentogler is an employee of Dauphin County. This is sufficient to show that Defendant is a state agent.  *See McCarthy v. County of Bucks*, 2008 WL 5187889, * 1, n. 4 (E.D. Pa.).

499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

It is well-established that personal liability under §1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case, and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.")(citing *Rode, supra.*).

**B.      MOTION TO DISMISS STANDARD**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433

(2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

### III.    DISCUSSION.

In his Second Amended Complaint filed on July 17, 2012, Plaintiff claims that his First Amendment rights were violated by the sole remaining Defendant, ADA Hogentogler.  (Doc. 38). In his SAC, Plaintiff alleges that criminal charges were filed against him in Dauphin County on December 29, 2011, in the case of *Com. of PA v. Mitchell*, CP-22-CR-617-2011.  Plaintiff was incarcerated in DCP, and he avers that on August 9, 2011, Defendant initiated the execution of a search warrant against him and that he was subjected to a search of his cell.  Plaintiff alleges that Defendant obtained the search warrant to obtain his records and documents "to bolster the prosecution's case regarding the criminal charges filed [him in Dauphin County, CP-22-CR-617-2011]."  (Doc. 38, pp. 2-3).  Further, Plaintiff avers that the search of his cell at DCP initiated by Defendant was in retaliation for his July 11, 2011 correspondence to Defendant in which he asserted his right to represent himself in his criminal case pending in Dauphin County, CP-22-CR-617-2011.  (*Id.*, p. 4).

Plaintiff also alleges that the search initiated by Defendant was in retaliation for a private criminal complaint he had filed with the Dauphin County District Attorney's Office against an employee of DCP on July 21, 2011.  (*Id.*, p. 6). Plaintiff 's Exhibit K he filed in support of his first Amended Complaint indicated that Plaintiff had filed his private criminal complaint against his DCP counselor/caseworker Melony Righter for allegedly disclosing confidential information about him to the persons who were involved in prosecuting him in his pending Dauphin County criminal case. (Doc. 28, pp. 91-95).   Thus, Plaintiff also alleges that Defendant violated his First Amendment right to seek judicial relief in retaliation for the private criminal complaint he filed against his  DCP

counselor/caseworker Melony Righter.

Plaintiff also avers that Defendant used the private criminal complaint he filed against the DCP counselor/caseworker against him in his pending Dauphin County criminal case and, that Defendant solicited his counselor/caseworker for incriminating information about him even though it was confidential. (*Id.*, pp. 8-9).

As relief in his SAC, Plaintiff requested that the Court bar Defendant from using any evidence Defendant obtained against him through the search of his DCP cell and from his DCP counselor/caseworker in his Dauphin County criminal case, and to direct Defendant to destroy or return to him all this evidence. Plaintiff also requested that the Court require Defendant to appear before the PA Disciplinary Board. (*Id.*, pp. 10-11). Thus, Plaintiff only requested injunctive relief in his SAC, and he did not seek any monetary damages against Defendant.

In his Doc. 46 Motion, Defendant argues that he is entitled to prosecutorial immunity from Plaintiff's remaining retaliation claims against him. Defendant also argues that Plaintiff 's retaliation claims fail as a matter of law since Plaintiff was not engaged in any protected speech that was the motivating factor for the alleged retaliation, and that he is entitled to qualified immunity. As such, Defendant requests the Court to dismiss Plaintiff's SAC with prejudice.

Initially, we address whether Defendant is entitled to prosecutorial immunity with respect to Plaintiff's retaliation claims. Defendant relies, in part, on *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976). Defendant states that he is absolutely immune form Plaintiff 's claims "since Plaintiff alleges that the search was performed in furtherance of the prosecution's case against him." Defendant also states that Plaintiff admits in his SAC that he was "acting as an advocate for the Commonwealth

and prosecuting charges against Plaintiff when the alleged search was performed." Further,

Defendant contends that the alleged retaliatory conduct "all occurred after the [Dauphin County]

criminal charges were filed against Plaintiff and prior to the disposition of the same." (Doc. 49, p.

9). As mentioned, in his SAC, Plaintiff also alleges that Defendant violated his First Amendment

right to seek judicial relief in retaliation for the private criminal complaint he filed against his DCP

employee Melony Righter. Plaintiff alleges that Defendant retaliated against him for filing his

complaint against Melony Righter and that Defendant solicited confidential information from

Righter in order to bolster the prosecution's case regarding the criminal charges filed against him.

In *White v. Napoleon*, the Third Circuit held that "[r]etaliation for the exercise of

constitutionally-protected rights is itself a violation of rights secured by the Constitution." 897 F.2d

103, 111-12 (3d Cir. 1990). In order to prevail on a retaliation claim, a plaintiff must prove:

> (1) he was engaged in a constitutionally-protected activity; (2) he suffered, at the hands
> of a state actor, adverse action "sufficient to deter a person of ordinary firmness from
> exercising his [constitutional] rights;" and (3) the protected activity was a substantial or
> motivating factor in the state actor's decision to take adverse action.

*Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (*quoting Allah v. Seiverling*, 229, F.3d 220, 225

(3d Cir. 2000).

At the outset, we agree with Defendant that our prior finding in screening Plaintiff 's original

Complaint, under the PLRA, that it was premature to determine if Defendant was entitled to

prosecutorial immunity with respect to Plaintiff's constitutional claims raised in his first pleading has

no bearing on Defendant's present immunity argument raised regarding Plaintiff 's SAC. (Doc. 53,

pp. 1-2).

The issue next arises as to whether Plaintiff's First Amendment retaliation claims against Defendant ADA Hogentogler should be dismissed because prosecutors enjoy absolute immunity when performing official duties during a criminal prosecution of a defendant. As Defendant states, prosecutors enjoy absolute immunity for their investigation of a criminal case, for their decision to initiate, or decline to initiate, a prosecution, and for conduct performed in furtherance of the prosecutions' case against a Defendant. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d Cir. 1992). Defendant states that Plaintiff 's retaliation claims against him relate to the August 9, 2011 search of Plaintiff 's cell in DCP which Plaintiff alleges was in retaliation for correspondence Plaintiff sent Defendant on July 11, 2011, as well as retaliation for Plaintiff 's private criminal complaint against a DCP employee, *i.e.*, Plaintiff 's counselor/caseworker. Plaintiff also avers that Defendant used the private criminal complaint he filed against his DCP counselor/caseworker against him in his pending Dauphin County criminal case and, that Defendant solicited his counselor/caseworker for incriminating information about him even though it was confidential.

We agree with Defendant that Plaintiff cannot hold him liable for damages for his stated conduct which Plaintiff alleges was performed in furtherance of the prosecution's criminal case against him in the Dauphin County Court. We also agree with Defendant that it is clear he was acting as an advocate for the Commonwealth in prosecuting the criminal charges against Plaintiff when the alleged search of Plaintiff's cell at DCP occurred.

A District Attorney is entitled prosecutorial immunity with respect to a Plaintiff's request for monetary damages if they are based on the District Attorney's performance of his or her official duties in prosecuting a person. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007);

*Imbler v. Pachtman*, 424 U.S. 409 (1976); *Radocesky v. Munley*, 247 Fed. Appx. 363, 365 (3d Cir. 2007)("The decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages.")(citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

In *Light v. Haws*, 472 F. 3d 74, 77-78 (3d Cir. 2007), the Third Circuit stated:

> "Most public officials are entitled only to qualified immunity" from
> Section 1983 actions. *Yarris v. County of Delaware,* 465 F.3d 129, 135
> (3d Cir.2006); *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct.
> 2606, 125 L.Ed.2d 209 (1993) (ordinarily, "[q]ualified immunity
> represents the norm") (internal quotation marks and citations omitted).
> Nonetheless, in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47
> L.Ed.2d 128 (1976), the Supreme Court held that, in light of the immunity
> historically accorded prosecutors at common law, state prosecutors
> are absolutely immune from liability under § 1983 for actions performed
> in a quasi-judicial role. *Id.* at 427, 431, 96 S.Ct. 984. This protection is
> "not grounded in any special esteem for those who perform these
> functions, and certainly not from a desire to shield abuses of office, but
> because any lesser degree of immunity could impair the judicial process itself."
> *Kalina v. Fletcher,* 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d
> 471 (1997) (internal quotation marks and citations omitted). This court
> has since amplified that "participation in court proceedings and
> other conduct intimately associated with the judicial phases of litigation"
> are "actions performed in a quasi-judicial role." *Carter v. City of
> Philadelphia,* 181 F.3d 339, 356 (3d Cir.1999) (internal quotation marks
> and citations omitted). We have given as other examples of prosecutorial
> actions that warrant absolute immunity, "acts undertaken by a
> prosecutor in preparing for the initiation of judicial proceedings or for trial,
> and which occur in the course of his role as an advocate for the State[.]"
> *Yarris,* 465 F.3d at 135 (internal quotation marks and citations omitted);
> *McArdle v. Tronetti,* 961 F.2d 1083, 1085 (3d Cir.1992) (holding that
> prison physician and prison counselor were absolutely immune as to
> their testimony in court and psychiatric reports to the judge, as that was
> an "integral part of the judicial process").

*See also Gregg v. Pettit*, 2009 WL 57118, *4 (W. D. Pa.).

We find that Defendant ADA Hogentogler's alleged actions regarding the August 2011 search warrant for Plaintiff's DCP cell were based on his discretion and was an act undertaken by a prosecutor during his investigation and prosecution of the criminal proceedings initiated against Plaintiff in Dauphin County Court in December 2010. Additionally, we find that the alleged conduct of Defendant, about which Plaintiff complains, occurred in the course of his role as an advocate for the Commonwealth. Furthermore, as stated above, a prosecutor's functions that are "intimately associated with the judicial phase of the criminal process" entitles him to absolute immunity from a suit for damages. *See Imbler, supra*.

Thus, while we find that any damages claims against Defendant would be precluded by absolute prosecutorial immunity, Plaintiff has not requested any damages against Defendant in his SAC. As stated, Plaintiff only requests injunctive relief in his SAC. As Plaintiff correctly points out in his sur-reply brief (Doc. 54), the law is clear that "prosecutors are not immune from suit as to requests for declaratory or injunctive relief." *Blakeney v. Marsico*, 340 Fed.Appx. 778, 779 (3d Cir. 2009)(citations omitted). As stated, Plaintiff requests in his SAC that this federal Court bar Defendant from using any evidence Defendant obtained against him through the search of his DCP cell and from his DCP counselor/caseworker in his pending Dauphin County criminal case, and to direct Defendant to destroy or return to him all this evidence. Plaintiff also requests that this Court require Defendant to appear before the PA Disciplinary Board. (Doc. 38, pp. 10-11).

Thus, in his sur-reply brief, Plaintiff correctly points out that he did not seek money damages against Defendant in his SAC, and that he only seeks injunctive relief. As such, Plaintiff argues that Defendant's reliance on prosecutorial immunity is misplaced since prosecutors are not immune

from suits for equitable relief.   (Doc. 54).

We obtained a copy of Plaintiff's Criminal Docket  in his Dauphin County Court case, Docket No. CP-22-CR-617-2011, at the website of http://ujsportal.pacourts.us.  We take judicial notice of Plaintiff 's Dauphin County Court Criminal Docket since it is a state court record. Plaintiff's Dauphin County Court Criminal Docket indicates that Plaintiff 's criminal case in CP-22-CR-617-2011 is still pending and that Plaintiff is still waiting for his trial.

We find that the Anti-injunction Act prohibits this federal Court from interfering with Plaintiff's pending Dauphin County Court criminal case as Plaintiff seeks this Court to do in his SAC by barring the prosecution from using all evidence in his criminal proceedings, including his trial, in which he alleges Defendant obtained from him through the search of his DCP cell and from his DCP caseworker.

We find that the Anti-Injunction Act, 28 U.S.C. §2283, prohibits this Court from interfering with any State Court's determination regarding the criminal case filed against Plaintiff and now pending in Dauphin County and, regarding what evidence the Dauphin County Court finds admissible  in Plaintiff 's criminal case. *See In re Madera*, 2008 WL 447497, *5 (E.D. Pa. 2-7-08).

We find that this federal Court should not interfere in Plaintiff's pending criminal case in Dauphin County and, that this Court should not decide whether any evidence presented in Plaintiff's criminal case, including his trial, obtained by Defendant should "barred from use in any manner" and returned to Plaintiff as Plaintiff requests in his SAC.  (Doc. 38, p. 10).  *See Tinsley v. Adams*, 248 Fed.Appx. 309 (3d Cir. 2007); *Keys v. Pennsylvania*, 2011 WL 766978 (M.D. Pa. 1-19-11) adopted by 2011 WL 766950 (M.D. Pa. 2-25-11).

In *Tinsley*, the District Court dismissed Plaintiff's claims for injunctive relief since he sought "federal interference in [his] ongoing state criminal prosecution." 248 Fed.appx. at 311. The Third Circuit stated that "[a]bsent extraordinary circumstances, where the danger of irreparable loss is both great and immediate, injunctive relief is not available." *Id*.(citing *Younger v. Harris*, 401 U.S. 37, 45-46, 91 S.Ct. 746 (1971)).

As in *Tinsley*, Plaintiff Mitchell's criminal case in Dauphin County is ongoing and his trial has not yet been scheduled. We find that this federal Court should not interfere in the state judicial process since Plaintiff has not "shown irreparable injury, a flagrant and patent violation of an express constitutional prohibition, or other extraordinary circumstances." *Id*. at 310. Plaintiff does not even allege in his SAC what incriminating information Defendant obtained. Further, Plaintiff has remedies available in the Dauphin County Court to try and exclude any evidence which he alleges Defendant improperly obtained against him.

We find this Court should dismiss Plaintiff's stated claims for equitable relief in his SAC under 28 U.S.C. §1915A, based on the ongoing Dauphin County Court criminal case against Plaintiff, as the *Tinsley* Court did with respect to its Plaintiff.

Thus, we find that under the Anti-Injunction Act, this Court is barred from enjoining and barring any evidence obtained by Defendant in Plaintiff's pending criminal proceeding in Dauphin County Court. Therefore, we find that this Court is prohibited from granting Plaintiff's injunction requests in his SAC. *See In re Madera*, 2008 WL 447497, *5 (E.D. Pa. 2-7-08).

Plaintiff's present relief requests for this Court to intervene into his pending criminal case which has not yet proceeded to trial, and his request for this Court to bar the use of all evidence

obtained against him by Defendant in his Dauphin County criminal case, is clearly improper under

the Anti-Injunction Act.[5]  *See Keys v. Pennsylvania*, 2011 WL 766978, *17 (M.D. Pa. 1-19-11)

adopted by 2011 WL 766950 (M.D. Pa. 2-25-11).

In *Leer Elec., Inc. v. Com. of Pa.*, 2008 WL 5378284, *10, the Court stated, "the so-called

"Anti-Injunction Act" states that "[t]he writ of injunction shall not be granted by any court of the

United States to stay proceedings in any court of a State, except in cases where such injunction may

be authorized by any law relating to proceedings in bankruptcy." Rev. Stat. of 1874, ch. 12, § 720,

18 Stat. 134."

Moreover, we  find that  the injunctive relief which Plaintiff seeks in his SAC is barred by the

*Younger* abstention doctrine.  The *Younger* abstention doctrine is based on basic considerations of

comity that are fundamental to our federal system of government.  As defined by the courts:

"*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising

---

[5]We note that, to the extent that Plaintiff also claims the conduct of Defendant ADA
Hogentogler was in violation of state law, *i.e.*, the rules of the PA Supreme Court for attorneys,
and Plaintiff requests this federal Court to direct Defendant to appear before the Disciplinary
Board,  such claims are barred by the Eleventh Amendment.  *See Leer Elec., Inc. v. Com. of Pa*.,
2008 WL 5378284, *3(M.D. Pa.).

In *Leer Elec.*, the Court stated:

Reviewing the complaint in the current case, the Court finds that the Eleventh
Amendment denies the Court jurisdiction over the plaintiff's claims brought under
Pennsylvania law. As stated by the Supreme Court, "[a] federal court's grant of relief
against state officials on the basis of state law, whether prospective or retroactive, does
not vindicate the supreme authority of federal law." *Pennhurst [State School & Hosp. V.
Halderman],* 465 U.S. [89] at 106[1984]. As such, if the Court were to instruct the
Pennsylvania officials on how to conform their conduct to Pennsylvania law, it would
engage in a practice that "conflicts directly with the principles of federalism that underlie
the Eleventh Amendment." *Pennhurst,* 465 U.S. at 106.

*Id*.

18

jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. *See Younger v. Harris,* 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')." *Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009).

Therefore, we will recommend that the Court grant Defendant's Motion to Dismiss (Doc. 46) Plaintiff 's SAC (Doc. 38), and that the Court dismiss Plaintiff 's SAC with prejudice. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002)*; Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). In light of our above discussion, we find futility and undue prejudice to Defendant in allowing Plaintiff to amend his Complaint for a fourth time as to Defendant ADA Hogentogler and, to file a third amended Complaint.

**IV.     RECOMMENDATION**.

Based on the above, it is respectfully recommended that the Court **GRANT** Defendant's Motion to Dismiss **(Doc. 46)** Plaintiff's Second Amended Complaint **(Doc. 38)**.  It is also recommended that the Court **DISMISS WITH PREJUDICE** Plaintiff's retaliation claims under the First Amendment against Defendant ADA Hogentogler raised in his Second Amended Complaint (Doc. 38).

Finally, it is recommended that the Court **CLOSE THIS CASE.**


                                        s/ Thomas M. Blewitt
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: June 21, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR LLOYD MITCHELL, | : | CIVIL ACTION NO. **1:CV-11-2217** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JOEL R. HOGENTOGLER, | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 21, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may

constitute a waiver of any appellate rights.


_____    s/ Thomas M. Blewitt
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**


**Dated: June 21, 2013**